John V. Trump sued the International Great Northern Railroad Company in the District Court of Williamson County to recover damages alleged to have been sustained by him while in the employ of the said railroad company at Taylor, *Page 209 
Texas, as stationary engineer of a Pyle National Electric Headlight Machine used to furnish lights at the roundhouse and machine shops of the said railroad company at Taylor. The petition alleged and the Court of Civil Appeals found the facts to be, that the bursting of the turbine engine was caused by the following facts: "That the turbine engine was too far removed from the steam boiler, necessitating the use of too great length of steam pipe, namely, twenty feet or more, which was bent and crooked in an improper manner, thus causing excessive condensation, and said pipe was not provided with any drainage cock or other appliances for drawing off the water therein, and in consequence thereof great quantities of water entered the said turbine and pressed with undue force against the casing thereof when the steam was turned on."
The defendant answered by general demurrer, exceptions, general denial, plea of contributory negligence and assumed risk. Trump recovered judgment for the sum of $9,000.
The Court of Civil Appeals found the facts before stated and also that the plaintiff was not guilty of contributory negligence and the risk was not assumed. In the preceding part of its charge, the court defined negligence, contributory negligence, assumed risk and ordinary care, of which no complaint is made. In the third paragraph of the charge the judge instructed the jury as to the duty of the railroad company to use ordinary and reasonable care to prevent injury to Trump and stated the liability of the railroad company to him in case it negligently failed to perform that duty; and, in connection therewith, informed the jury that if the injury arose from a risk assumed by the plaintiff, or if he was guilty of contributory negligence, the railroad company would not be liable, and continuing that charge, said: "In this connection you are further instructed that the defendant was bound to use reasonable care and prudence for the safety of the plaintiff while in its service, by providing him with machinery and appliances reasonably safe and suitable for the use for which they were intended to be employed; and that defendant will be liable to plaintiff, if plaintiff's injuries were directly and proximately caused by a failure of defendant in either of the particulars hereinafter submitted for your consideration, to comply with said duty, or if they were caused directly and proximately by a failure of defendant in either of said particulars to use reasonable care and prudence to subsequently maintain said machinery and appliances in a condition reasonably safe and suitable for doing the work which they were intended to do."
In paragraph 4 of the court's charge the issue as to negligence of defendant in failing to maintain the engine in a reasonably safe condition was submitted to the jury in terms that guarded the rights of the defendant.
In paragraph 5 of the charge, the court, in the following language, submitted the question to the jury as to the condition of the turbine engine when it was furnished: "If you find from a preponderance of the evidence that the turbine above mentioned was connected with a certain steam boiler in the roundhouse of defendant at Taylor, Texas, by a pipe for the purpose of conducting steam into said turbine in order *Page 210 
to propel it; and if you further find from a preponderance of the evidence that said steam pipe was not provided with a drainage cock for the purpose of allowing the water that might accumulate therein from condensed steam to be drawn off; and if you further so find that immediately prior to the bursting or exploding of said turbine, water was present in said steam pipe by reason of such steam condensation; and if you further so find that when plaintiff turned the steam into said pipe immediately prior to the bursting or exploding of said turbine, such steam forced the water from said pipe into said turbine, and that said water when so forced into said turbine, directly and approximately caused a lug of the governor valves to break off and thereby directly and proximately caused said turbine to burst or explode, resulting in all or some of the injuries to plaintiff, alleged by him in his petition; and if you further find from a preponderance of the evidence that, the defendant was guilty of negligence in so failing to provide said steam pipe with a drainage cock," etc. The court then proceeded to inform the jury that to find a verdict for plaintiff on that ground they must also find from a preponderance of the evidence that the plaintiff at the time of the accident was ignorant of the fact that the defendant had failed to provide the drain cock for the pipe and that it was not plaintiff's duty to examine or report the machinery, and that his own negligence did not contribute to the injury and that the risk was not assumed by his contract of service. The court closed the charge in the following language: "But if you do not find the existence of all the facts submitted for your consideration in the preceding part of this paragraph, or the existence of all of the facts submitted for your consideration in paragraph number 4 of this charge, you will return a verdict for defendant, regardless of your finding on any of the issues hereinafter submitted to you."
At the request of the railroad company the court gave the following charge: "You are instructed that the defendant rested under no duty to exercise any care whatever to make its turbine engine reasonably safe when used in an improper and negligent manner, and if you believe from the evidence that said turbine engine was in a reasonably safe condition, or that defendant exercised ordinary care to keep it in such condition provided that the same was started properly, in accordance with instructions and with due care, but that said machine was not in condition to withstand sudden, improper and negligent starting, and that plaintiff started said machine suddenly, improperly and negligently, and thereby contributed to causing the bursting of said machine, you will return a verdict for defendant."
Upon appeal the railroad company presented by its seventh assignment of error an objection to this portion of the third paragraph of the charge: "In this connection you are further instructed that the defendant was bound to use reasonable care and prudence for the safety of the plaintiff while in its service, by providing him with machinery and appliances reasonably safe and suitable for the use for which they were intended to be employed."
A majority of the Court of Civil Appeals found that the assignment was well taken and that the charge was error, for which the judgment *Page 211 
of the District Court was reversed and the cause remanded; from which decision Chief Justice Fisher of that court dissented, and the question of dissent has been certified to this court as follows:
"Question. Did the trial court err in giving to the jury that part of the third paragraph of its charge complained of in appellant's seventh assignment of error?"
We answer that there was no reversible error in the charge mentioned in the preceding question. Plaintiff sought to recover upon the following grounds: (1) The railroad company was negligent in not furnishing a drainage cock to the pipe which led from the boiler to the turbine engine; and (2) that the company was negligent in not keeping the turbine engine in repair, whereby some of the parts inside of it became defective and caused the injury. The part of the charge of which complaint is made submitted to the jury the general rule with regard to the duty of the railroad company in furnishing machinery in this language: "In this connection you are further instructed that the defendant was bound to use reasonable care and prudence for the safety of the plaintiff while in its service, by providing him with machinery and appliances reasonably safe and suitable for the use for which they were intended to be employed." Granting that this language is ambiguous, and, if it stood alone, might have led the jury to believe that the railroad company was bound absolutely to furnish appliances reasonably safe, it was however explained by the explicit directions contained in the fifth charge which submitted this ground of recovery in the following terms: "And if you further find from a preponderance of the evidence that the defendant was guilty of negligence in so failing to provide said steam pipe with a drainage cock, you will return a verdict for plaintiff." It will be seen that the issue with regard to the drain cock was expressly submitted to the jury as a ground of liability upon condition only that the evidence should show that the railroad company was negligent in failing to provide a drain cock for the pipe. Under this charge the jury could not possibly have understood that they could find for the plaintiff for injuries inflicted upon him by reason of the absence of the drain cock unless the proof showed the negligence of the defendant in the selection and construction of the machinery.
We concur with Chief Justice Fisher that there was no reversible error in the charge; in support of which conclusion the learned chief justice presented an able and exhaustive argument, making it unnecessary for us to go more extensively into a discussion of the matter.