INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. JOHN V. TRUMP.

Decided April 11, December 12, 1906.

**1.—Harmless Error—Ruling on Demurrer.**

The overruling a special demurrer to certain allegations of negligence in plaintiff's petition was harmless, if erroneous, where the issue presented thereby was not submitted to the jury.

**2.—Negligence—Defective Machinery—Sufficiency of Evidence.**

Evidence, though merely circumstantial, that the bursting of an electric turbine engine by which plaintiff, a servant, was injured, was due to defects in the machinery attributable to defendant's negligence, held sufficient to support a recovery.

**3.—Charge—Issues—Reference to Pleading.**

A charge which, in stating the issues, referred the jury to plaintiff's petition for particulars as to the negligence charged against defendant, when

there was no evidence to support some of such allegations of negligence, was not misleading where elsewhere in the charge the jury were restricted to considering only the issues on which evidence was introduced.

#### 4.—Charge—Duty of Master to Servant.

The general instruction that it was the duty of the master to "use ordinary and reasonable care to prevent injury to its servants," was not prejudicial to defendant where the specific issues submitted to the jury related only to care in providing proper machinery.

#### 5.—Same—Safe Machinery.

An instruction that "the defendant was bound to use reasonable care and prudence for the safety of defendant while in its service, by providing him with machinery and appliances reasonably safe and suitable for the use," etc., was not erroneous, when considered in connection with other charges and the issues submitted, as imposing an absolute duty to provide safe appliances. (Following the ruling of the Supreme Court herein on certificate of dissent, 100 Texas, 208.)

#### 6.—Charge—Machinery—Duty to Inspect.

An instruction held not subject to the criticism that it permitted a finding of negligence for the failure of defendant's servants to inspect machinery, whether the omission was by those charged with that duty or by others.

#### 7.—Charge—Omission.

Instructions not positively erroneous are not ground for reversal because of defects of omission, in the absence of a request for a charge supplying the omission.

#### 8.—Same—Requested Charge.

Refusal of a requested charge which omits reference to facts material to the hypothesis which it submits, is not ground for reversal.

Appeal from the District Court of Williamson County. Tried below before Hon. V. L. Brooks.

Appellant's second and third assignments of error were based on the refusal of the trial court to give a peremptory instruction to find for defendant because the evidence was insufficient to show that the bursting of the turbine engine was caused by negligence in respect to defects in the machinery.

The eighth and ninth assignments of error complained of the fouth and fifth paragraphs of the charge as submitting the issues whether defects in the engine and failure to inspect caused the accident, because there was no evidence in support of such theory nor that the machinery was dangerous if used in a proper manner.

The tenth assignment of error was as follows:

"The court erred in its charge and in particular in the fourth paragraph thereof in advising and instructing the jury that, if they found from the evidence that some part of the inside mechanism of the turbine had become loose or detached, thereby clogging the operation of the machine, or that the seats of the governor valves had become defective and worn, the defendant would be liable, if the jury further found that said alleged defects or conditions in the machine could and would, in the use of ordinary care, have been discovered 'by the employes of the defendant, other than the plaintiff, if the same had been inspected or tested for speed by them or some of them, prior to such bursting or explosion,

and that the defendant was guilty of negligence in failing to provide for such inspection or test made by some other servant or employe,' thereby instructing the jury that, if the defendant failed to have the machine 'inspected or tested for speed' by any employe, whether his duty or not, or whether he had any information in regard thereto or as to the manner in which the inspection or test should be made, or if he pursued some mode of inspection other than the test for speed, the defendant would be liable."

*S. R. Fisher* and *J. H. Tallichet* (*N. A. Steadman*, of counsel), for appellant.—Plaintiff is required to allege specifically and definitely the act or acts of alleged negligence upon which he relies, and he can not be permitted to maintain a suit upon allegations that he is ignorant of the cause of the accident. Rev. Stats., art. 1191; Missouri Pac. Ry. Co. v. Hennessey, 75 Texas, 157.

Defendant rested under no duty to exercise any degree of care to furnish appliances reasonably safe when used in an improper manner. Throckmorton v. Missouri, K. & T. Ry. Co. of Texas, 14 Texas Civ. App., 228; 1 Labatt on Master and Servant, sec. 26; Richmond & D. Ry. Co. v. Dickey, 90 Ga., 491; Cluny v. Cornell Mills, 160 Mass., 218.

The risk was one ordinarily incident to plaintiff's employment. 1 Labatt on Master and Servant, sec. 274, p. 638, and cases cited in note 1; Galveston, H. & S. A. Ry. Co. v. Garrett, 73 Texas, 263; Gulf, C. & S. F. Ry. Co. v. Brentford, 79 Texas, 619; Nix v. Texas & P. Ry. Co., 82 Texas, 473; Houston & T. C. Ry. Co. v. Myers, 55 Texas, 110; Missouri Pac. Ry. Co. v. Somers, 78 Texas, 439; same case, 71 Texas, 700; Texas & Pac. Ry. Co. v. French, 86 Texas, 99; Texas & N. O. Ry. Co. v. Conroy, 83 Texas, 216; Houston & T. C. Ry. Co. v. Barrager, 14 S. W. Rep., 242; Mexican Cent. Ry. Co. v. Shearn, 18 S. W. Rep., 151.

The court erred in referring the jury to plaintiff's petition for the particular allegations of negligence because it embraced grounds which there was no evidence authorizing the court to submit. Missouri, K. & T. Ry. Co. of Texas v. Rogers, 40 S. W. Rep., 850; East Line & R. R. Ry. Co. v. Smith, 65 Texas, 171; San Antonio & A. P. Ry. Co. v. Robinson, 73 Texas, 284.

The master does not rest under any duty to use ordinary care to prevent injury to his servant, but only of exercising ordinary care to provide and maintain a reasonably safe place and instrumentalities with which to perform the work for which the servant was employed. Galveston, H. & S. A. Ry. Co. v. Gormley, 91 Texas, 400.

Advising the jury that the defendant was bound to use reasonable care and prudence for the safety of plaintiff while in its service "by providing him with machinery and appliances reasonably safe and suitable for the use for which they were intended," was an incorrect, inaccurate and misleading statement of the law. Drake v. San Antonio & A. P. Ry. Co., 13 Texas Ct. Rep., 866; Missouri, K. & T. Ry. Co. v. Smith, 11 Texas Ct. Rep., 95; Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 288; Texas & P. Ry. Co. v. Huffman, 83 Texas, 290; Gulf, C. & S. F. Ry. Co. v. Johnson, 83 Texas, 633; Galveston, H. & S. A. Ry. Co. v. Gormley, 91 Texas, 399; Bryan v. International & G. N. Ry. Co., 14 Texas Ct. Rep., 455.

The court erred in the fourth and fifteenth paragraphs of its charge to

the jury; because there was no evidence that said turbine was defective in said particulars or either of them, and because the uncontroverted evidence conclusively showed that defendant had performed its full duty in inspecting said turbine. Texas & P. Ry. Co. v. Wisenor, 66 Texas, 675; Houston & T. C. Ry. Co. v. Gilmore, 62 Texas, 391; Galveston, H. & S. A. Ry. Co. v. Faber, 63 Texas, 344; O'Dair v. Missouri, K. & T. Ry. Co., 14 Texas Civ. App., 541; Gulf, C. & S. F. Ry. Co. v. Vieno, 7 Texas Civ. App., 350; Cook v. Dennis, 61 Texas, 248; Barton v. Stroud-Gibson Grocer Co., 40 S. W. Rep., 1015; Hopkins Bridge Co. v. Burnett, 85 Texas, 20; Andrews v. Smithwick, 20 Texas, 111; Harvey v. Cummings, 68 Texas, 606; Texas & P. Ry. Co. v. McCoy, 31 S. W. Rep., 304.

The absence of such draincock was well known to plaintiff, and the risk, if any, incident thereto was one of the ordinary risks of plaintiff's employment. Quill v. Houston & T. C. Ry. Co., 93 Texas, 616; Missouri Pac. Ry. Co. v. Somers, 71 Texas, 700; Missouri Pac. Ry. Co. v. Somers, 78 Texas, 439; Green v. Cross & Eddy, 79 Texas, 130; Texas & P. Ry. Co. v. French, 86 Texas, 96; Bonnet v. Galveston, H. & S. A. Ry. Co., 89 Texas, 75; Texas & P. Ry. Co. v. Bradford, 66 Texas, 732.

It is the duty of the court to charge on an issue called to its attention by a special instruction, even if such special instruction be imperfect. Kirby v. Estill, 75 Texas, 487; Gulf, C. & S. F. Ry. Co. v. Hodges, 76 Texas, 93; Freybe v. Tierman, 76 Texas, 291; Gulf, C. & S. F. Ry. Co. v. Cusenberry, 86 Texas, 532; Neville v. Mitchell, 66 S. W. Rep., 579; Gulf, C. & S. F. Ry. Co. v. Mangham, 68 S. W. Rep., 80.

*John W. Parker,* for appellee.—The proof not only showed that the bursting could have been caused by certain conditions, but that it probably was caused thereby. The certainty of proof insisted upon would amount to a denial of justice in cases of this character, because it could not be made. No greater certainty of proof is required than the circumstances will allow, and that measure was fully met in this case. 1 Greenleaf, sec. 82; McCray v. Galveston, H. & S. A. Ry. Co., 89 Texas, 169; Missouri Pac. Ry. Co. v. Hennessey, 75 Texas, 157; East Line & R. R. Ry. Co. v. Brinker, 68 Texas, 502.

EIDSON, Associate Justice.—This is a suit by appellee against appellant to recover damages for personal injuries alleged to have been sustained by him while in the employ of appellant by the bursting of the turbine .engine of a Pyle National Electric Headlight machine, used by appellant to furnish lights at its roundhouse and machine shops at Taylor, Texas.

Appellant answered by general demurrer, special exceptions, general denial and special pleas of assumed risk and contributory negligence. The trial resulted in a verdict and judgment for appellee in the sum of $9,000.

Appellant's first assignment of error complains of the action of the court below in overruling its special exception to the following part of appellee's petition: "But plaintiff alleges that if the said turbine was not caused to burst or explode by one or any or all of the causes above specified, that he is ignorant of the cause; that said machines when properly cared for do not burst, and the fact that the same did burst must

have been caused, and he alleges was caused, by some defect which was well known to defendant and which could have been discovered by defendant by the exercise of ordinary care in inspecting the same or discovering the same failed to repair it, and that plaintiff was not, in any sense, to blame for the disaster." If this action of the court was error, it became harmless, as the court did not submit to the jury the matters embraced in the above quoted part of appellee's petition as grounds of negligence, but restricted their consideration to grounds specifically alleged in the petition.

Appellant's second and third assignments of error are overruled. While the testimony tending to show negligence is practically all circumstantial, in our opinion it is of sufficient cogency to require its submission to the jury for their determination. (McCray v. Galveston, H. & S. A. Ry. Co., 89 Texas, 169; Missouri Pac. Ry. Co. v. Hennessey, 75 Texas, 157; East Line & R. R. Ry. Co. v. Brinker, 68 Texas, 502; 1 Greenl. Ev., sec. 1.)

The action of the court below complained of in appellant's fourth and fifth assignments of error does not constitute reversible error. The reference to the pleadings in the preliminary part of the charge was controlled by the subsequent instructions specifically and accurately directing the jury as to what particular allegations of negligence to consider; and in our opinion the jury were not misled or confused by such reference to the pleadings.

By its sixth assignment of error, the appellant complains of the following part of the third paragraph of the court's charge: "A master, such as the defendant, is bound to use ordinary and reasonable care to prevent injury to its servant, such as plaintiff, in the course of his employment; and if the master does not do this, and if the servant is injured in consequence of such failure so to do on part of the master, the latter will be answerable for the damages directly and proximately occasioned thereby," upon the ground that the same is an inaccurate and incorrect statement of the duty which the law imposes upon the master. The language quoted, in our opinion, is simply the statement of a general principle relative to the duty of the master to the servant; and, while not strictly accurate as applied to the facts of this case, the jury were not likely misled thereby. The duty of the master in a case of the character under consideration is to exercise ordinary care to provide the servant with machinery and appliances reasonably safe and suitable for the use for which they were intended to be employed.

Appellant's seventh assignment of error complains of the following part of the third paragraph of the court's charge: "In this connection you are further instructed that the defendant was bound to use reasonable care and prudence for the safety of the plaintiff while in its service, *by providing him with machinery and appliances reasonably safe and suitable for the use for which they were intended.*" Appellant's contention being that the language emphasized is an incorrect, inaccurate and misleading statement of the law. The court charged the jury in said paragraph as follows: "In this connection you are further instructed that the defendant was bound to use reasonable care and prudence for the safety of the plaintiff while in its service by providing him with machinery and appliances reasonably safe and suitable for the use

for which they were intended to be employed, and that defendant will be liable to plaintiff if plaintiff's injuries were directly and proximately caused by a failure of defendant in either of the particulars hereinafter submitted for your consideration to comply with said duty." This is the only instruction embraced in the charge of the court which applies to the particular acts of negligence submitted in the charge to the jury relating to the acts or conduct of appellant in providing machinery or appliances with which appellee was to work. We think the language "that the defendant was bound to use reasonable care and prudence for the safety of the plaintiff while in its service, by providing him with machinery and appliances reasonably safe and suitable, etc.," when construed according to its usual meaning and common acceptation, imposed upon the appellant the absolute duty to provide appellee with machinery and appliances reasonably safe and suitable for the use, etc., whereas the legal duty of appellant was to exercise ordinary care to provide such machinery and appliances. While it is perhaps a correct legal proposition that the master is bound to use reasonable care and prudence for the safety of the servant, it is not a correct proposition of law that, in order to comply with or discharge this duty, he is required absolutely to provide the servant with reasonably safe and suitable machinery and appliances; but under the law he will have fully complied with and discharged that duty when he has exercised ordinary care to provide such machinery and appliances. The charge quoted, first defines the legal duty of the master to the servant generally, then it undertakes to instruct the jury how the master in this particular case, in view of a certain phase of the testimony, was required to perform or discharge that duty; and in doing so makes the test of diligence the absolute providing of machinery and appliances reasonably safe and suitable for the purposes for which they were intended to be employed, instead of the exercise of ordinary care to provide same. Appellee's petition alleged as a ground of negligence the failure of appellant to provide the pipe connecting the turbine with the steam boiler with a drainage cock for drawing off the water therein, and there was testimony tending to support this allegation. The court charged upon the issue thus raised in the fifth paragraph of its charge, and the part of the charge under consideration was intended to advise the jury as to the duty of appellant in reference to providing said pipe with a drainage cock. The charge under consideration, in our opinion, imposes on the appellant a greater degree of diligence than the law requires. The principle that the master is only required to exercise ordinary care to provide and maintain reasonably safe and suitable machinery with which the servant is to work, is definitely established by a number of decisions of our Supreme Court and Courts of Civil Appeals, and from them we cite the following: Galveston, H. & S. A. Ry. Co. v. Gormley, 91 Texas, 399; Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 288; Texas & P. Ry. Co. v. Huffman, 83 Texas, 290; Gulf, C. & S. F. Ry. Co. v. Johnson, 83 Texas, 633; Missouri Pac. Ry. Co. v. Lyde, 57 Texas, 509; International & G. N. Ry. Co. v. Bell, 75 Texas, 52; Trinity C. Lumber Co. v. Denham, 85 Texas, 60; Drake v. San Antonio & A. P. Ry. Co., 13 Texas Ct. Rep., 866; Missouri, K. & T. Ry. Co. v. Smith, 11 Texas Ct. Rep., 95; Bryan v. International & G. N. Ry. Co., 14 Texas, Ct. Rep., 455.

Appellant's eighth and ninth assignments of error are overruled. . In our opinion the paragraphs of the charge of the court complained of in these assignments were correct enunciations of the law applicable to the pleadings, and were authorized by the evidence.

We do not think the fourth paragraph of the charge of the court is subject to the criticisms of appellant contained in its tenth assignment of error. The court in said paragraph, in addition to the instructions quoted by appellant in said assignment of error, instructed the jury as follows: "And if you further find from a preponderance of the evidence that the defendant was guilty of negligence in failing to have said inspection or test made by some other servant or employe, if it did so fail, you will return a verdict for the plaintiff, etc." Under this instruction the jury could not have found in favor of plaintiff on this phase of the case, unless they found that the inspection had not been made by the employe whose duty it was to make it, as the failure of some employe to inspect upon whom the duty did not rest, would not have constituted negligence on the part of appellant.

Appellant's eleventh, twelfth and thirteenth assignments of error are overruled for reasons already stated.

There was no positive error in the charge of the court in the respect complained of in appellant's fourteenth assignment of error. If appellant desired an instruction upon the subject claimed to have been omitted in the general charge of the court, it was its duty to ask a proper instruction upon same.

There was no error in the refusal by the court below of appellant's special instruction number 7. It would have been improper to give this charge, because it ignored the fact that the reason the machine failed to "pick up its load" may have been on account of its running away as a result of the governor valve seats being cut and worn. One of the grounds of negligence alleged was "that the seats of the governor valves of said turbine were cut, worn and uneven, in consequence whereof the speed of the turbine was unduly accelerated, and the centrifugal force caused thereby greatly in excess of what it normally should have been," and there is evidence tending to support same.

The other assignments of error presented in appellant's brief are overruled for reasons already stated.

For the error pointed out, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

Chief Justice Fisher having dissented from the opinion of the majority by which the case was held reversible on appellant's seventh assignment of error, the case was submitted to the Supreme Court on certificate of dissent, and in that court the ruling of the majority upon the point was disapproved. Thereupon the judgment of the court below was affirmed in the following opinion:

EIDSON, Associate Justice.—In the original opinion in this case this court overruled all of appellant's assignments of error except the seventh, which was sustained by the majority of the court, Chief Justice Fisher dissenting, and the question of dissent was certified to the Supreme

Court, which has answered such question sustaining the dissent and holding that the ruling of the majority of the court upon said assignment was erroneous. (International & G. N. R. R. Co. v. Trump, 16 Texas Ct. Rep., 1003.) In conformity with the holding of the Supreme Court upon said certified question, we overrule said seventh assignment of error of appellant, and hold that there was no error in the action of the court below in the respect complained of in said assignment of error.

The judgment heretofore rendered reversing and remanding this case will therefore be set aside, and the judgment of the court below will be affirmed.

*Judgment affirmed.*

Writ of error refused.