CHICAGO, R. I. & G. RY. CO. v. OLIVER.

(Court of Civil Appeals of Texas. Amarillo. June 21, 1913. Rehearing Denied Oct. 11, 1913.)

1. APPEAL AND ERROR (§ 1040*)—TRIAL (§ 191*)—REVIEW—HARMLESS ERROR.

The improper overruling of an exception to the petition is harmless, where the issue raised by the part excepted to was not submitted to the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040;* Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

2. RAILROADS (§ 276*)—INJURIES TO LICENSEES—WHO ARE LICENSEES.

Where a foreman in charge of railroad work, who lived in a bunk car, obtained the permission of the railroad superintendent to take his two sons with him, the superintendent issuing them passes, the sons were licensees, even though the superintendent had specific orders not to allow the children to be taken.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 878–886; Dec. Dig. § 276.*]

3. RAILROADS (§ 276*)—INJURIES TO PERSONS ON TRACKS—LICENSEES.

The son of the foreman in charge of construction work was a licensee upon a bunk car, even though express orders had been given against allowing him to accompany his father, where the superintendent of the railroad company, with actual knowledge that he was accompanying him, acquiesced in the arrangement.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 878–886; Dec. Dig. § 276.*]

4. RAILROADS (§ 282*)—INJURY TO PERSONS ON TRACK—LICENSEES.

The mere fact that plaintiff knew that the superintendent did not have authority to allow him to take his wife to live with him in railroad construction cars will not support an inference that plaintiff knew the superintendent was without authority to allow his young sons to accompany him.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 910–923; Dec. Dig. § 282.*]

5. RAILROADS (§ 282*)—INJURIES TO PERSONS ON TRACKS—ACTIONS—EVIDENCE.

In an action for the death of a licensee who was killed by the moving of a bunk car, the question of the manner in which the coupling was made onto the car which was driven against the bunk car is immaterial.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 910–923; Dec. Dig. § 282.*]

6. APPEAL AND ERROR (§ 1058*)—REVIEW—HARMLESS ERROR.

The exclusion of testimony is harmless where the witness was subsequently allowed to testify to the same facts, or they were brought out in the testimony of another witness, without objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4200–4204, 4206; Dec. Dig. § 1058.*]

7. APPEAL AND ERROR (§ 664*)—RECORD—WHAT GOVERNS.

The statement of a witness' testimony in the statement of facts controls in case of conflict between it and the bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2856–2859; Dec. Dig. § 664.*]

8. TRIAL (§ 296*)—INSTRUCTIONS—CURE BY OTHERS.

In an action for the death of a licensee, killed when a bunk car was moved without warning, the error in a charge to find for plaintiff, if the car was stationed on a spur track, with proper signals and flags thereon, and, while plaintiff's minor son was using ordinary care in and about the car, defendant's servants in charge of the switch engine backed other cars against such car, was cured by other charges which did not assume the placing of the signal flag upon the car, or the child's exercise of ordinary care, but submitted those questions to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

9. RAILROADS (§ 282*)—INJURIES TO PERSONS ON TRACK—LICENSEES.

In an action for the wrongful death of plaintiff's minor son, who, while a licensee upon a bunk car, was killed by the moving of such car, a charge instructing the jury to find for plaintiff, if defendant's servants backed the switch engine onto the spur track where the car was standing without sounding any alarm, or if they failed to observe the blue flag, is not improper, as a

matter of law, on the ground that deceased was at best a licensee assuming the risk; it appearing that the question of warning and the presence of the flag, as well as the right of plaintiff to have his son with him, were presented by conflicting evidence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 910–923; Dec. Dig. § 282.*]

10. TRIAL (§ 253*)—INSTRUCTIONS—REFUSAL.

A requested charge which ignored one of the issues, and assumed, as matter of law, negligence from a contested fact, was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

11. APPEAL AND ERROR (§ 187*)—PRESENTATION OF QUESTIONS OF REVIEW IN COURT BELOW—NECESSITY.

A defect in parties plaintiff may be taken advantage of on appeal, even though the nonjoinder was not pleaded or the question raised in the court below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1184–1189; Dec. Dig. § 187.*]

12. DEATH (§ 42*)—ACTIONS FOR WRONGFUL DEATH—NECESSARY PARTIES.

As Rev. Civ. St. 1911, art. 4699, provides that an action for wrongful death may be brought by all of the parties entitled or by any one or more of them for the benefit of all, a wife is not a necessary party to an action by her husband for the wrongful death of their minor child, for, as the proceeds of the action would be community property, and the husband as such could dispose of it, his action must be construed for her benefit.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 58; Dec. Dig. § 42.*]

13. HUSBAND AND WIFE (§ 249*)—COMMUNITY PROPERTY—WHAT CONSTITUTES.

Damages recovered by either or both parents for the death of their minor child is community property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 887, 889–892; Dec. Dig. § 249.*]

Appeal from District Court, Gray County; F. P. Greever, Judge.

Action by W. L. Oliver against the Chicago, Rock Island & Gulf Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Gustavus & Jackson, of Amarillo, and Lassiter & Harrison, of Ft. Worth, for appellant. R. E. Underwood and Turner & Wharton, all of Amarillo, for appellee.

HALL, J. We adopt the following statement of the nature and result of the suit from appellant's brief: .

"This suit was filed in the district court of Gray county on April 7, 1911, by W. L. Oliver against the Chicago, Rock Island & Gulf Railway Company to recover damages on the allegations that on April 18, 1909, he was employed by the defendant company as foreman of its water service along the line of its road from Texola, Tex., to Vega, Tex., and that he had a crew of men under charge, who occupied as their living quarters certain cars furnished for that purpose, and for the transportation of tools and materials over the defendant's line of road, and that these cars on April 15, 1909, were set in the defendant company's yard at Amarillo on a track known as the Veches Spur; that the plaintiff had prior to this date been keeping with him in these cars his minor son, Johnnie Oliver, aged 14 years, and that this was with the knowledge and consent of the defendant company, and its employés, and its superintendent, Allen, who had authority to give this consent to the plaintiff; that on April 18th, Johnnie Oliver was seated on the ends of the cross-ties of this spur track between two of the cars, and that the defendant's employés carelessly and negligently backed an engine against these cars so that Johnnie Oliver was run over, and killed, to plaintiff's damage in the sum of $10,000. It was alleged that the cars were negligently backed in onto the spur without giving any warning or signal of the approach of the cars by ringing the bell and blowing the whistle on the engine propelling them.

"The defendant answered by certain special exceptions, general denial, and specially that the deceased was a boy of intelligence, capable of understanding the danger of the position he occupied at the time of the accident, and that, even if he was a licensee, he assumed the danger of the position occupied by him at the time of the accident, and the plaintiff was on that account barred from recovery; that the plaintiff, who had control of the cars in question, was the father of deceased, and was guilty of contributory negligence, proximately contributing to the accident, and he was thereby barred from a recovery.

"Defendant further by trial amendment pleaded that at the time of the accident it had promulgated and had in force a rule that cars or trains should be protected from being coupled to or moved by placing a blue flag by day and a blue light by night, and that it was the plaintiff's duty to so protect the cars under his charge, if they were not to be moved, and that he failed to do this, which failure was negligence, proximately contributing to cause the accident; that the defendant had refused to give the plaintiff permission to have the deceased on or about the cars, and on the date of the accident plaintiff had left his son on or about the cars and in a place of danger, and had failed to take any action to protect his son from injury, which was negligence, proximately contributing to cause the accident. Plaintiff filed a supplemental petition, setting up that he had instructed one McElroy, who was working for the defendant, to put up a blue flag to protect the cars in question, which had been done; but notwithstanding this the employés in charge of the engine negligently failed to observe the flag, and backed into the cars, regardless of it. There was a ver-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

dict and judgment for plaintiff in the sum of $2,500."

Appellee has filed objections to the consideration of a number of appellant's assignments of error as being violative of rules 24 and 25 (142 S. W. xii) for this court. While the assignments do not in all things comply with the rules, we have decided to disregard the objections and consider the matters submitted.

[1] The first assignment of error is to the ruling of the court upon the eighth special exception urged by appellant to the plaintiff's amended petition. The ground of the exception is plaintiff's cause of action is not based upon an injury to an employé or a failure to discharge any duty toward an employé, and that the allegations in the ninth paragraph of the petition present the plaintiff's cause of action as one prosecuted by an employé. We are not able to agree with this contention, and in our opinion the paragraph of the pleading objected to could not have been so understood by the court or the jury. The pleading was not evidence. None of the testimony offered by plaintiff tended to present the case to the jury upon that theory, nor did the court submit such an issue for the consideration of the jury in the charge. Where a case is submitted to the jury on a single issue, errors in ruling on exceptions to allegations in the pleadings, touching other issues, are harmless. G., H. & S. A. Ry. Co. v. Johnson, 24 Tex. Civ. App. 180, 58 S. W. 622. Error in overruling exceptions to a pleading becomes immaterial where the issues raised by such pleading are not submitted to the jury. 1 Enc. Dig. Texas Reports, 784, and authorities there cited.

[2] Appellant's second assignment of error is the court erred in permitting the appellee to testify to the conversation had with appellant's superintendent, H. E. Allen. While on the witness stand, plaintiff was asked by his counsel if he had any conversation with any employés of the defendant in reference to permitting his two boys, one being deceased, staying with him on his outfit cars, and the witness answered that he had a conversation with H. E. Allen about three weeks prior to the accident, resulting in the death of Johnnie Oliver, and over the objections of the defendant that such a matter was not within the scope of Allen's authority, because plaintiff's boys were not employés, defendant company would not be bound by any statement of Allen in reference to such matters. The court permitted said witness to testify that plaintiff had secured from Allen transportation for himself, wife, and two smaller children to Ft. Worth, Tex., and that plaintiff told Allen he was not going to send the other two children (referring to the deceased, Johnnie Oliver, and a younger son), for the reason that his wife had to go to the hospital and that he did not want to burden their grandmother with their care, and that

Mr. Allen told him that it was perfectly all right to keep the said two older boys with him on the outfit cars. It was further made to appear that plaintiff had previously sought permission of the company through superintendent Allen to have his wife with him on these cars, and was advised by Allen that this would have to be taken up with the management of the road at Ft. Worth, and that this was done and the request was denied by the management. In the case of H. & T. C. Ry. Co. v. Bulger, 35 Tex. Civ. App. 478, 80 S. W. 557, it is said: "Had it been proven that Hood had specific orders from the company not to allow any one to come on the premises, his disobedience of such orders, in inviting and allowing appellee there, would be no defense to this action. M., K. & T. Ry. Co. v. Rodgers, 89 Tex. 675 [36 S. W. 243]; Cook v. Nav. Co., 76 Tex. 353 [13 S. W. 475, 18 Am. St. Rep. 52]." In the Bulger Case, the plaintiff, a 13 year old boy, was injured by steam turned upon him at a pumping station, and Hood had charge of the station, and had received express orders from the company to prevent persons from coming on the premises. A writ of error was denied by the Supreme Court in this case, and it seems to be conclusive of appellant's contention under this assignment.

[3, 4] The statement of facts clearly shows that, even if express orders prohibiting plaintiff's deceased son from accompanying his father on the cars in question had been issued, yet Allen had actual notice upon more than one occasion that the boy was with the outfit, and had himself issued plaintiff passes for both of his boys to come to him and the outfit from their home in a distant town. Besides, it has not been affirmatively shown that Allen did not have authority to permit the children to be on the cars, and we cannot infer his want of authority from the fact that plaintiff's wife had been denied the right to remain thereon.

By its third assignment of error appellant insists that the court erred in refusing to permit the witness Harmon, who was fireman on the engine which backed into the cars at the time of the accident, to answer this question, "I will ask you to state whether or not the coupling made into the caboose was an easy or violent coupling." The bill of exceptions states that, if the witness had been permitted to answer the question, he would have stated that the coupling was an ordinary one, and made in the usual and ordinary manner, and that the rate of speed at which his engine was moving was just sufficient to cause the coupling devices on the end of the train they were handling and on the caboose to connect up properly, and that there was no violent bumping of the caboose or shoving forward as would have been the case if the engine had been moving rapidly, and that the brakeman attending to the coupling

into the said caboose was on the ground walking along beside and keeping up with the car they were coupling into the caboose.

Appellant insists that it is clear that the question was only another method of ascertaining whether the car on which the coupling was made was moving slowly or rapidly. "All statements concerning the speed of a train, except where the witness observed the time actually occupied in traversing a known space, are necessarily expressions of opinion, and therefore subject to the infirmities that attach to all opinion evidence." Borneman v. Chicago, etc., Ry. Co., 19 S. D. 459, 104 N. W. 208; Williams v. K. C., etc., Ry. Co., 96 Mo. 275, 9 S. W. 573. "In a case where a car was kicked from a switch onto the main track, and collided with the cars standing thereon, a witness who was sweeping the floor of one of the stationary cars stated that the force of the collision shook down a stovepipe, and broke the glass in the door and lamp, and he estimated the speed of the colliding car, which he did not see, at 20 miles an hour. 'Stress was laid upon this statement by plaintiff's counsel,' said the court, 'but, while it may be conceded that the moving car struck with sufficient force to jar the stovepipe so that it fell down, that a window light was broken, and the lamp disarranged, the opinion that it was moving at the rate of 20 miles an hour is absurd. If this had been so, the force of the collision must have broken more substantial portions of the stationary car than a lamp and window glass. * * * All estimates of distance [speed?] must, under such circumstances, be regarded as of doubtful value at best, and when given in such haphazard and conjectural way amount to nothing more than a mere guess, and ought not to be made the basis of judgment by a court or jury.'" Moore on Facts, § 456; Setterstrom v. Brainerd, etc., R. R. Co., 89 Minn. 262, 94 N. W. 882.

[5] It is not necessary for us to decide whether this testimony, if admitted, was a conclusion of the witness, and, in our opinion, its admission was not of great importance. The fact that the engine backed in and struck the dead cars with sufficient force to propel them far enough to cause the death of plaintiff's son was established, and it occurs to us to be an immaterial inquiry whether the act of coupling was done in an easy or violent manner.

[6, 7] It is shown in the statement of facts that this witness testified, "Coupling made to the outfit cars was an ordinary coupling, easy coupling." And Burroughs, witness for appellant, testified on direct examination as follows: "We made an easy coupling. Of course we knocked the slack out of the caboose. We stopped when we made that coupling, and then went down and made a coupling with the other cars, and that coupling was made easy—just enough to knock the slack out of the cars." The statement of Harmon's evidence in the statement of facts controls, if there is a conflict between it and the bill of exceptions and the admission of the testimony of the witness Burroughs, without objection, cures the error, if there was one.

[8] The fourth assignment attacks the fifth paragraph of the court's charge. The objections to this paragraph of the charge are not clearly defined by the propositions; but we glean that the first objection to this part of the paragraph is, "And you further find that, while said work cars so used by plaintiff were stationed on the spur track of defendant company at Amarillo, and with proper signals *and flags placed thereon,* and while plaintiff's said minor son Johnnie was in and about said cars, *using ordinary care for his own safety and protection,* and that defendant's agents, servants, and employés in charge of a switch engine and other cars came in off of the main track onto said spur track and against said work cars," etc., assumes that a proper signal flag was placed on the cars, and that the deceased, Johnnie Oliver, was using ordinary care for his own safety and protection. The charge is not subject to the criticism, because in the same paragraph the court uses this language: "Or failed to observe the signal flag on said work cars, if there was a flag thereon." In the sixth paragraph of the court's charge there is the following language: "Yet, if the jury should also find and believe from the evidence that either plaintiff or his son Johnnie was also guilty of negligence which caused or contributed to cause the injury and death of plaintiff's said son, then in such event plaintiff could not recover," etc. Appellant's special charge No. 10 submitted the issue of Johnnie Oliver's negligence squarely to the jury, and its special charge No. 13 instructed the jury that if appellee failed to exercise ordinary care in handling and managing the cars, or in preventing or protecting his son from being injured, to find for appellant. The general charge, when construed in connection with these two special charges, exempts it from the error claimed under this assignment. In City of Austin v. Forbis, 99 S. W. 132, this language is used: "If it be conceded that isolated sentences or paragraphs are ambiguous or inaccurate, following the recent decision of the Supreme Court in Railway Co. v. Trump [100 Tex. 208] 97 S. W. 464, we hold that such defects were corrected by other portions of the charge;" and, further, "Where instructions taken as a whole contain a correct statement of the law so expressed as to be clearly understood by men of plain common sense, and there is nothing to mislead the jury from the application of the correct principles to the facts of the case, the instructions will not be condemned, though isolated sections may be susceptible of a construction that possibly, if so considered, may mislead the jury." Kirby Lumber Co. v.

Dickerson, 42 Tex. Civ. App. 504, 94 S. W. 153; Industrial Lumber Co. v. Bivens, 47 Tex. Civ. App. 396, 105 S. W. 831.

[9] The second proposition under this assignment insists that there is error in this paragraph of the charge, because the defendant company did not owe a duty to the plaintiff to give a warning of the approach of the engine onto the spur track, because the deceased was at best a licensee, and in such capacity assumed the risk incident to his presence there. This paragraph of the charge instructed the jury that if appellee had secured from appellant company permission to take his said son with him on the cars, and have him with him and around the cars, etc., if appellant's servants backed the switch engine in onto the spur track without sounding the alarm, or if they failed to observe the blue flag, then to find for appellee, unless they found for appellant on other issues. The question of alarm by bell and whistle and the further question of the presence of the flag were presented by conflicting evidence. There was also the issue of plaintiff's right to have his son with him, and we think the court correctly submitted all such issues to the jury. The third contention under this assignment is without merit by reason of the fact that appellant's special charge No. 11 instructed the jury that in assessing the appellee's damages, if any, the jury would take into consideration as bearing upon the amount of damages the cost and expenses of rearing and maintaining the child during minority, and appellant's special charge No. 12, given by the court, further limited the recovery to the pecuniary value of the services lost, and no error has been shown. What is here said also disposes of appellant's fifth assignment of error. The excerpt from the charge quoted under the fifth assignment might be considered prejudicial error if taken alone, but when considered in connection with the entire charge is rendered harmless.

[10] Under the sixth assignment of error appellant complains of the refusal of the court to give special charge No. 3. This special charge ignores the question of alarms by bell and whistle from the engine, and for that reason was an incorrect charge, and it further assumes that the failure to have the flag on the cars at the time of the accident would be negligence, as a matter of law, and the fourth special charge, upon which the seventh assignment of error is predicated, was likewise defective.

The eighth assignment of error contains no reference to the record when quoting facts to show the applicability of the special charge refused; but, admitting that the record shows the facts claimed in the statement, it is undisputed that as long as the blue flag was on the cars in question under the rule they should not be moved until the party who placed the flag had removed it. With such testimony before the jury, in our opinion, the charge announced an incorrect rule of law.

Appellant's ninth, tenth, eleventh, and twelfth assignments of error insist that the verdict and judgment are contrary to the law and the evidence, and unsupported by the evidence. In our opinion there is sufficient evidence to sustain the judgment.

Under the thirteenth assignment it is insisted that the verdict is excessive. We think the evidence is sufficient to support the judgment for the amount shown in the record.

[11-13] By supplemental brief the appellant insists that, because the record shows the mother of the deceased boy, Johnnie Oliver, was alive at the time of the trial, the failure to make her a party plaintiff is fundamental. We are cited to the leading case of Oar v. Davis (Sup.) 151 S. W. 794, which seems to be the last word by the Supreme Court on this much mooted question. It is held in the case of Hanner v. Summerhill, 7 Tex. Civ. App. 235, 26 S. W. 906, in which writ of error was refused by the Supreme Court, that a defect in parties plaintiff may be taken advantage of on appeal, even though the nonjoinder has not been pleaded or the question raised in the court below. We do not agree, however, that Mrs. Oliver was a necessary party to the action. Article 4699 is, "The action may be brought by all of the parties entitled thereto, or by any one or more of them for the benefit of all," and the contention is that, because W. L. Oliver, the father, does not state in his pleadings that the suit is for the benefit of himself and wife, the wife is not interested in the recovery, and therefore not a party to the suit. In our opinion the statute does not require that the wife be made a party plaintiff with her husband to this sort of an action. Damages recovered for the death of a child in a suit filed by either or both parents has been held frequently in this state to be community property. In San Antonio Street Railway Co. v. Mechler et ux., 29 S. W. 202, it is said: "When, however, as in this case, no persons were interested save the parents, and all the damages recoverable would be community property, it would seem there could be no reason, so long as the verdict considered the interest of both, for finding a separate amount for each. Being community property, the husband was entitled to receive and appropriate it, and we do not think the verdict should be set aside as contrary to the statute. It was not intended to apply where such union of interests existed." In Southwestern Telegraph & Telephone Co. v. Dale, 27 S. W. 1059, Finley, Justice, used this language: "The first assignment of error presented by appellant questions the correctness of the action of the court in overruling a special demurrer to plaintiff's petition. The special demurrer is as follows: 'Defendant excepts

to so much of plaintiff's petition as seeks to recover damages for himself in his own individual right, because it is joined with a cause that seeks to recover for the damages to the feelings and for mental distress of his wife, F. T. Dale. It is a misjoinder of causes of action, and seeks to recover damages twice for the same injury or wrong, and because the damages, if any, as alleged in said petition, are too remote to entitle him to recover for himself in this form of action.' The petition alleged that the message was delivered to appellant for the benefit of the husband and wife; that they each desired the presence of Mrs. Lowe at the last illness and death of their child, and both suffered mental distress by being deprived of her assistance and consolation. It is proper for the husband to sue for damages sustained by the wife, and, where damages to both husband and wife arise upon the same acts or transactions, recovery of damages sustained by each of them may be had in the same suit." In Houston City Street Railway v. Sciacca, 80 Tex. 354, 16 S. W. 31, the Commission of Appeals, in an opinion approved by Stayton, Chief Justice, expressly holds that the recovery in such a case is community property, and this rule is announced by Fly, Justice, in G., H. & S. A. Ry. Co. v. Hughes, 22 Tex. Civ. App. 134, 54 S. W. 264. It cannot be denied that as a general rule a husband has the right to sue in his own name for the recovery of damages or property which belongs to the community, and appellant's contention is therefore overruled.

Finding no reversible error, the judgment is affirmed.