**ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, Appellant,**

v.

**James F. GREENE, Appellee.**

No. 8452.

Court of Civil Appeals of Texas, Texarkana.

May 31, 1977.

Rehearing Denied June 28, 1977.

Howard Waldrop, Atchley, Russell, Waldrop & Hlavinka, Texarkana, Traylor Russell, Russell, Russell & Rolston, Mount Pleasant, for appellant.

J. Donald Bowen, Houston, Tulley R. Florey, III, Mount Pleasant, for appellee.

CHADICK, Chief Justice.

This is a Federal Employers' Liability Act (45 U.S.C.A., Sec. 51, et seq) case. On the basis of jury findings of fact the trial court awarded James F. Greene a recovery of compensatory damages for personal injury received in the course of employment. The award of $250,000.00, together with costs, was against his employer, St. Louis Southwestern Railway Company. The railroad brings this appeal.

In response to special issues submitted under instructions that are not now questioned, the jury found that: (Special Issue 3) the railroad failed to furnish Mr. Greene

with reasonably safe equipment with which to do his work; and (Special Issue 5) the railroad failed to properly maintain the "old main line" switch in the Mt. Pleasant yard.

The railroad undertakes to avoid these findings on the ground, as its first and second points of error are construed, that the record discloses a complete absence of probative facts supporting the jury's answer in each instance. The extent of negligence and the quantum of proof required to establish it in F.E.L.A. cases is said to have been reduced to the vanishing point. See *Atlantic Coast Line Railroad Company v. Barrett*, Fla.1958, 101 So.2d 37; W. L. Prosser, Law of Torts, pg. 560 (3rd ed. 1964). Sufficiency of evidence in an F.E.L.A. case is governed by federal standards. *Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957); *Texas and Pacific Railway Company v. Roberts*, 481 S.W.2d 798 (Tex.1972). However, in principle, the "no evidence" test in state practice cannot be distinguished from a similar test imposed by federal standards. *Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957); *Texas and Pacific Railway Company v. Roberts*, 481 S.W.2d 798 (Tex.1972). However, in principle, the "no evidence" test in state practice cannot be distinguished from a similar test imposed by federal standards. Both tests require valid findings of fact to be supported by more than speculation, conjecture and possibilities. *Elgin, Joliet & Eastern Railway Co. v. Gibson*, 355 U.S. 897, 78 S.Ct. 270, 2 L.Ed.2d 193 (1957); Calvert, "No Evidence" and "Insufficient Evidence", Points of Error, 38 Texas L.Rev. 361 (1960). The test in the state practice that has been declared inappropriate in F.E.L.A. cases by both federal and state decision is the state "insufficient evidence", including "great weight and preponderance", test. The proscribed Texas test permits Courts of Civil Appeals to weigh and determine reasonableness of evidence while the federal act allots that function exclusively to the trial jury.

The limit of appellate review in both state and federal courts is indicated by this extract from *Tennant v. Peoria & Pekin Union Railroad Co.*, 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520 (1944):

"It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable. . . . That conclusion, whether it relates to negligence, causation or any other factual matter, cannot be ignored. Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable."

In *Rogers v. Missouri Pacific Railroad Co.*, supra, it is said appellate review is limited "to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury . . ."

From any viewpoint, the evidence in this case of the several elements of negligence is weak, but the weakest link in the chain of proof pertains to actual or constructive knowledge of the railroad that the equipment furnished Mr. Greene was not reasonably safe and that the switch was not adequately maintained. Simply stated, the facts show a switchman should be able to operate with one hand the switching lever of a properly maintained switch. Mr. Greene testified that he could not so operate the switch in question, that he was unable to operate it with both hands and finally employed a foot in forcing the lever into position. (He claimed his back was injured in this unusual episode.) Evidence, including pictures, showed that a metal strap had been affixed above and across the bridle rod of the switch. This strap served to keep the rod from bowing upward under pressure, and possibly other purposes. The strap so placed was unusual, being the only one known to a witness familiar with the

railroad yards at Mt. Pleasant and Dallas. The bridle rod in its back and forth motion during a switching maneuver rubbed against the strap. This metal against metal frictional bind was visible in pictures which disclosed frictional wear on the bridle rod.

May reasonable men draw inferences from the fact that the switch lever did not respond to one hand operation and the fact that the bridle rod rubbed against the hold-down strap during operation that the switch was unsafe and maintenance thereof inadequate and had been so for a sufficient length of time for the railroad to have discovered and corrected such faults? Under the cases cited this court is compelled to answer in the affirmative. It was for the jury to weigh credibility of the witnesses, draw conclusions as to the facts proved and select the inferences it considered most reasonable. This Court is not free in an F.E.L.A. case to set aside a jury verdict merely because the inferences are weak or one inference appears more reasonable than another or that the same inference may support contrary conclusions. The railroad's first and second points of error are overruled.

The railroad claims the general damage award of $250,000.00 is erroneous because excessive. Mr. Greene sued for such amount and the jury agreed to the penny. Mr. Greene was twenty-five years of age at the time of the alleged injury and twenty-seven at the time of trial. His wage was $600.00 every two weeks prior to the claimed injury. In 1974 and 1975, during his absence from work, the brakeman immediately ahead of him on the seniority roster was paid $31,037.00 in wages and the brakeman immediately below received $32,463.00. Both brakemen averaged more than $1500.00 per month in 1975. The evidence touching upon damages and disability, as well as medical and medically related facts, is voluminous and a summary is not feasible.

Middle ground was left unoccupied in development of this case. The railroad completely discounts Mr. Greene's testimony and contends that as a result of testimony pertaining to Mr. Greene's condition by medical experts the overwhelming weight of the evidence is that Mr. Greene suffered no damage caused by his alleged injury. If Mr. Greene's testimony may be believed and the jury believed, there is proof of lost work time, disability in some degree permanent, medical expense, and past and probable future pain and suffering. The test of excessiveness by this Court is "ascertainment of what amount would be reasonable compensation for the injuries sustained", and treatment of the balance as excess. *Wilson v. Freeman*, 108 Tex. 121, 185 S.W. 993 (1916), and *Flanigan v. Carswell*, 159 Tex. 598, 324 S.W.2d 835 (1959). The record does not convince this Court that the award is not reasonable compensation for the injuries sustained. The point is overruled.

In response to Special Issue No. 1, the jury found the railroad did not fail to provide Mr. Greene a reasonably safe place in which to work. The railroad prays for a reversal on the ground that the jury's answers to Special Issues 3, 4, 5 and 6 are in conflict with such answer. The initial discussion herein shows that Special Issues 3 and 5 were primary negligence issues answered favorably to Mr. Greene. Special Issues 4 and 6 were conditionally submitted as subsidiary to Nos. 3 and 5, respectively. In each instance, the jury was asked to find from a preponderance of the evidence whether the conduct (failure) inquired about was a cause in whole or in part of the plaintiff's injuries. The jury responded affirmatively. It appears to be the railroad's position that the broad general issue concerning *failure to provide a reasonably safe place in which to work,* overlaps or includes the issues of *failure to furnish reasonably safe equipment with which to work* and *failure to properly maintain the switch;* the favorable finding for the railroad thus being in fatal conflict with the favorable findings for Mr. Greene.

Mr. Greene's trial petition alleged the railroad was negligent in the following ways:

"1. In failing to provide James F. Greene with safe equipment with which to work and a safe place in which to work and with adequate help in which to do his work;

2. In failing to properly inspect, maintain and repair the switch in question;

3. For having a switch that was hard to throw;

4. For requiring James F. Greene to work in cold, icy, snowy weather without taking any precautions to see that the switch in question would work properly."

A railroad subject to the federal act, 45 U.S.C.A., Sec. 51, is liable in damages to an employee for injury occasioned by any ". . . defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." The place where work is to be performed means, unless the context in which the term is used indicates differently, the building or premises where an employee is required to perform his duties. 56 C.J.S. Master and Servant § 219. Such understanding of the word "place" is compatible with general usage. The federal act specifies a wide variety of instrumentalities and things which may well be a part of buildings or premises. The act imposes duties in relation to these specified instrumentalities or things, in addition to the employer's general duty in relation to a place of work.

The railroad's duty as to equipment, tools, machinery and appliances extends beyond merely providing such items in a safe condition, it also requires that the railroad employer maintain such items in a reasonably safe and proper condition for use by employees. *Morgan v. State,* 170 S.W.2d 648 (Tex.Civ.App. El Paso 1942), rev'd on other grounds, 170 S.W.2d 652 (Tex.Comm.App.1943, opinion adopted); *International & G.N.R. Co. v. Trump,* 42 Tex. Civ.App. 536, 94 S.W. 903 (1906), rev'd on other grounds, 100 Tex. 208, 97 S.W. 464 (1906). As a generalization it may be said that a railroad has a continuing, non-delegable duty and obligation to furnish a reasonably safe place for employees to work and a continuing, non-delegable duty to furnish employees safe and suitable instrumentalities, equipment and appliances and to inspect and maintain them so that the employee may carry on his work with reasonable safety. *J. Weingarten, Inc. v. Higginbotham,* 523 S.W.2d 450 (Tex.Civ.App. Beaumont 1975, writ ref'd n.r.e.). See also *Farley v. M M Cattle Company,* 529 S.W.2d 751 (Tex.1975); *Beck v. Texas Co.,* 105 Tex. 303, 148 S.W. 295 (1912); *Grubb v. Grubb,* 525 S.W.2d 38 (Tex.Civ.App. El Paso 1975, writ ref'd n.r.e.).

In *Texas & New Orleans Railroad Company v. Arnold,* 381 S.W.2d 388 (Tex. Civ.App. Beaumont 1964), reviewed on other grounds and appeal dism'd, 388 S.W.2d 181 (Tex.1965), the trial court submitted separate issues on safe place to work and safe equipment, and the Beaumont Court of Civil Appeals upheld that submission over appellant's objection that the issues submitted constituted a dual submission of the same theory, and an over-emphasis and comment on the evidence. The Beaumont Court held that the safe place to work and suitable equipment were separate duties owed the employee.* The point on conflict is overruled.

Finally, complaint is made that the jury was not instructed that in arriving at its answer to the damage issue it might consider the fact that any sum recovered by Mr. Greene was not subject to federal income taxes. The impropriety of such instruction under the Texas practice is settled. It should not be given as it introduces a wholly collateral matter into the damage issue. *Missouri-Kansas-Texas Railroad Co. v. McFerrin,* 156 Tex. 69, 291 S.W.2d 931 (1956); and *John F. Buckner & Sons v. Allen,* 289 S.W.2d 387 (Tex.Civ.App. Austin 1956, no writ). The Texas practice appears

---

* For what it may be worth, Justice Greenhill, now Chief Justice, indicated no disagreement with the Beaumont Court's view in his remarks in the first paragraph of his dissent from the Supreme Court's action in dismissing the appeal.

to be in step with decisions in the majority of the other jurisdictions.

Since the record discloses no reversible error or the imposition of excessive damages, it becomes the duty of this Court to affirm the judgment of the trial court. It is so ORDERED.