Robert L. **NOBLES**, Appellant,

v.

**SOUTHERN PACIFIC TRANSPORTATION COMPANY, Appellee.**

No. B14–86–557–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 14, 1987.

Rehearing Denied June 4, 1987.

James H. Brannon, Houston, for appellant.

Gordon A. Holloway, Claude R. Treece, Kyle M. Rowley, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Robert L. Nobles (Nobles), filed suit under the Federal Employers' Liability Act (FELA), against his employer, appellee, Southern Pacific Transportation Company (Southern Pacific), to recover damages for injuries sustained while in the course of his employment. In response to six special issues, the jury found Nobles 49% negligent and Southern Pacific 51% negligent, finding as well that each party's negligence was a causative factor of the injury. Nobles was awarded money damages for past physical pain, past and future lost earnings, and past and future medical expenses. The jury failed to award damages for future physical pain, past mental anguish, and future mental anguish. The trial court entered judgment in accordance with the jury findings.

Nobles filed a motion for new trial, contending the jury findings on damages were against the great weight and preponderance of the evidence. Nobles now appeals the order denying the motion for new trial. We affirm.

Nobles presents a single point of error, asserting the trial court erred in overruling his motion for new trial because the jury findings on damages were against the great weight and preponderance of the evidence. He includes two subpoints in the point of error, claiming (1) the jury's failure to award damages for future physical pain and past and future mental anguish was against the overwhelming weight of the evidence; and (2) review of the evidence on damages is proper in the appeal of an FELA case. We address only Nobles' second subpoint.

Nobles acknowledges in his second subpoint of error that appellate review of the weight and preponderance of the evidence on liability issues is precluded under the FELA, 45 U.S.C. § 51 *et seq.* However, he argues conversely that FELA standards do not apply to issues concerning the factual insufficiency of damages. We disagree.

▬ Federal and Texas case law establishes FELA limits of appellate review. The cases uniformly hold that sufficiency of evidence questions arising under the FELA are to be determined by federal rather than state law. *Rogers v. Missouri Pacific R.R. Co.,* 352 U.S. 500, 506–07, 77 S.Ct. 443, 448–49, 1 L.Ed.2d 493 (1957); *Texas and Pacific Ry. Co. v. Roberts,* 481 S.W.2d 798, 800 (Tex.1972). Texas legal insufficiency or "no evidence" points of error may be considered under the federal act, since state and federal tests are similar. *Port Terminal R.R. Ass'n v. Ross,* 155 Tex. 447, 289 S.W.2d 220, 226 (1956); *St. Louis Southwestern Ry. v. Greene,* 552 S.W.2d 880, 882 (Tex.Civ.App.—Texarkana 1977, no writ). However, consideration of factual insufficiency points is proscribed by the FELA. *Roe v. Port Terminal R.R. Ass'n,* 620 S.W.2d 870, 872 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *St. Louis Southwestern Ry. v. Greene,* 552 S.W.2d at 882.

In support of his position that review of the sufficiency of the evidence on damages is proper under the FELA, Nobles draws our attention to *St. Louis Southwestern Ry. v. Greene,* 552 S.W.2d 880, which he cites as authority. He claims *Greene* impliedly distinguishes review of evidence on liability issues from review of evidence on damages issues, permitting only the latter. Such reasoning is incorrect in light of the opinion.

The *Greene* court, in its discussion of the railroad's excessive damages point of error, did not affirmatively cite the FELA in overruling the point. However, the court's failure to mention the act is unremarkable in context. Immediately preceding the point of error, the opinion discusses generally the FELA standard of deference to jury findings. Moreover, the following language quoted in *Greene* indicates that the standard of limited appellate review is to apply to both liability and damages issues:

It is the jury, not the court, which is the fact-finding body ... draw[ing] the ultimate conclusion as to the facts....

*That conclusion, whether it relates to negligence, causation or any other factual matter, cannot be ignored.* Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable.

*Id.* at 882, citing *Tennant v. Peoria & Pekin Union R.R. Co.,* 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520 (1944) (emphasis added). *See also Gallick v. Baltimore and Ohio R.R. Co.,* 372 U.S. 108, 114–15, 83 S.Ct. 659, 663–64, 9 L.Ed.2d 618 (1962), and citations therein. We find the *Greene* opinion is not supportive of Nobles' position.

■ We hold judicial review of factual insufficiency issues previously determined by the jury to be improper in an FELA case. Case law has established the general principle of limited appellate review for factual insufficiency issues; and we have found no case affirmatively distinguishing liability and damages issues. Therefore, we may not properly consider Nobles' contention that the damages verdict was against the great weight and preponderance of the evidence. We overrule Nobles' only point of error.

The judgment of the trial court is affirmed.