**TEXAS AND PACIFIC RAILWAY COMPANY, Petitioner,**

v.

**Benny Lee ROBERTS, Respondent.**

**No. B–3145.**

Supreme Court of Texas.

June 14, 1972.

Tom L. Farmer, Dallas, Ramey, Brelsford, Flock, Devereux & Hutchins, Tom Henson, Jack W. Flock and Mike A. Hatchell, Tyler, for petitioner.

Jones, Jones & Baldwin, Franklin Jones, Jr., Marshall, for respondent.

McGEE, Justice.

This is a Federal Employers Liability Act, (F.E.L.A.), case and the controlling question is whether or not a Texas Court of Civil Appeals has authority to determine that a jury verdict in favor of the Defendant is against the great weight and preponderance of the evidence.

Benny Lee Roberts was injured while moving a large mechanical device inside of a railroad car. He brought this suit for personal injuries under the Federal Employers Liability Act (Title 45, U.S.C.A., Section 51, et seq.). After deliberating most of one day, the foreman reported that the jury was deadlocked. The trial judge rendered judgment for Defendant based on a partial verdict wherein the jury refused to find any primary negligence. The court of civil appeals reversed the judgment of the trial court and remanded the cause holding that the findings of the jury were against the great weight and preponderance of the evidence. 473 S.W.2d 567. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

The only two series of issues of primary negligence requested by Respondent and submitted by the court (and the jury's answer thereto) read as follows:

"SPECIAL ISSUE NO. 1: Do you find, from a preponderance of the evidence, that at the time and on the occasion in question, the Defendant failed to furnish Plaintiff with a safe place to work?

"ANSWER 'YES' OR 'NO'.

"ANSWER: NO."

"In connection with the foregoing Issue, you are instructed that the term 'safe place to work' means such a place of work as would have been furnished by a reasonably prudent employer under the same or similar circumstances.

"If you have answered the preceding Special Issue 'Yes', and only in that event, answer the following Issue, otherwise, do not answer same."

"SPECIAL ISSUE NO. 2: Do you find, from a preponderance of the evidence, that the Plaintiff's injuries, if any, resulted in whole or in part from such failure, if any, as inquired about in the foregoing Special Issue?

"ANSWER 'YES' OR 'NO'.

"ANSWER: (Unanswered)."

"SPECIAL ISSUE NO. 3: Do you find from a preponderance of the evidence that at the time and on the occasion in question, considering all facts in evi-

dence, that the Defendant failed to furnish Plaintiff with a proper tool to work with?

"In connection with the foregoing you are instructed that the term 'proper tool' means such a device that would have been furnished by an employer of ordinary care and prudence under the same or similar circumstances.

"ANSWER 'YES' OR 'NO'.

"ANSWER: NO.

"If you have answered Special Issue No. 3 'YES', answer Special Issue No. 3A, otherwise you need not answer it."

"SPECIAL ISSUE NO. 3A: Do you find from a preponderance of the evidence that such failure, if any, caused in whole or in part the injuries of the Plaintiff?

"ANSWER 'YES' OR 'NO'.

"ANSWER: (Unanswered)."

In the court of civil appeals, Roberts raised only two points: (1) The jury's answers were against the overwhelming weight and preponderance of the evidence and that the trial court therefore erred in not granting his motion for new trial; (2) The granting of a new trial by the trial court or the court of civil appeals for this reason is a matter of procedure and governed by local rather than Federal law in an action under the F.E.L.A. At no time has Respondent contended that the railroad was negligent as a matter of law or that there was no evidence to support the jury's answers to the issues set out above.

■■ The purpose of the F.E.L.A. is to vest the jury with complete discretion on the factual issue of liability. Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957). The test set forth in *Rogers* is once the evidence reaches the point where reasonable minds can differ on the question of liability, the resolution of that issue is committed for final, ultimate determination to the jury. The jury decision on the issue is binding and not subject to being set aside.

". . . Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the *single* inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. . . ." (352 U.S. 507, 77 S.Ct. 449, 1 L.Ed.2d 499, emphasis added).

Stated another way, once the appellate court determines that the verdict is supported by some evidence about which reasonable minds could differ, the appellate court's function is exhausted. Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916 (1946).

Review by an appellate court under Texas "weight and preponderance" standard is precluded where liability of the employer is found by the jury; it is also precluded where the verdict exonerates the employer from liability. Harsh v. Illinois Terminal R. Co., 348 U.S. 940, 75 S.Ct. 362, 99 L.Ed. 736 (1954); Deen v. Hickman, 358 U.S. 57, 79 S.Ct. 1, 3 L.Ed.2d 28 (1958).

■ It is firmly established that questions of sufficiency of evidence for the jury in cases arising under the F.E.L.A. in state courts are to be determined by federal law. Western & A. R. Co. v. Hughes, 278 U.S. 496, 49 S.Ct. 231, 73 L.Ed. 473 (1928); Dice v. Akron, Canton & Youngstown R. Co., 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398 (1952); Rogers v. Missouri Pacific R. Co., supra.

Common reasoning in support of this position has been either that the question is one of "substance," or that to hold applicable a state rule at variance with the federal rule would interfere with a substantive right granted by the act. Special attention is called to two U.S. Supreme Court opinions giving an exhaustive review of pertinent F.E.L.A. cases. They are: Wilkerson v. McCarthy, 336 U.S. 53, 69 S.Ct. 413, 93

L.Ed. 497 (1948); Harris v. Pennsylvania Railroad Co., 361 U.S. 15, 80 S.Ct. 22, 4 L.Ed.2d 1 (1959). See also 79 A.L.R.2d § 4, p. 562.

We have concluded that a jury's verdict on liability issues in F.E.L.A. cases, whether for the employer or employee, cannot be reviewed on appeal using local "weight and sufficiency standards."

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.