MISSOURI PACIFIC RAILROAD COMPANY, Appellant,

v.

Loy D. ALCORN, Appellee.

No. A2356.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 2, 1980.

Rehearing Denied April 23, 1980.

Gordon A. Holloway, Sewell, Junell & Riggs, Houston, for appellant.

J. Donald Bowen, Helm, Pletcher, Hogan & Burrow, Houston, for appellee.

Before BROWN, C. J., and MILLER and SALAZAR, JJ.

MILLER, Justice.

This Federal Employers' Liability Act (FELA) suit resulted in a jury verdict and judgment for the appellee in this suit complaining of a hearing impairment which the jury found was the result of a prank perpetrated by his fellow employees. We affirm.

Appellee, Loy D. Alcorn, a conductor on the Missouri Pacific Railroad's "Angleton Switcher" on February 1, 1976, was alighting from that train in a response to a hand motion of the engineer of another train, the "Amoco Switcher" to come to his locomotive, when he was subjected to the loud explosion of one or more torpedoes, or warning devices, which had been placed on the track as a practical joke by the fireman of the Amoco Switcher. He suffered much discomfort thereafter but continued to work until April, 1978, when the appellant's chief physician ordered his removal from service because his hearing did not meet the minimum standards for continued employment.

The jury found that the defendant railroad failed to provide appellee with a safe place to work; it was negligent in allowing the placement of the torpedoes on the track; it was negligent in its failure to discipline its employees for the unauthorized use of torpedoes prior to the date of the accident; appellee was on the ground near the explosion as the result of a signal given to him by an employee of the defendant, such act of the employee being negligent; and that each of these acts or omissions was a cause, in whole or in part, of appellee's injuries.

Appellant brings forward numerous points of error, foremost of which are allegations that each of the jury's findings set out above was erroneous in that there was no evidence that appellant's employees were acting within the course and scope of their employment at the time of the detonation of the torpedoes. In support of this view, appellant urges that the act of placing the torpedoes on the track was not committed for the purpose of furthering the railroad's business. Additionally, if the other employees of the Amoco Switcher knew that the torpedoes had been placed on the rail as a joke, then their acquiescence would amount to participation, and they, too, would be outside the course and scope of their employment. Also if the engineer of the Amoco Switcher signaled to the appellee to come over to his locomotive it was for the purpose of offering him some clothes for his children, and, thus, likewise was beyond the course and scope of the engineer's employment.

A Texas appellate court which is reviewing the sufficiency of the evidence in a case brought under the FELA, 45 U.S.C.A. § 51 et seq., is required to adhere to the federal rule of evidence enunciated in *Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957), that if there be some creditable evidence to support the verdict nothing further is required. Even the slightest employer negligence that played any part in producing the injury complained of will suffice. "Stated another way, once the appellate court determines that the verdict is supported by some evidence about which reasonable minds could differ, the appellate court's function is exhausted." *Texas and Pacific Railway Company v. Roberts*, 481 S.W.2d 798, 800 (Tex.Sup.1972). The FELA makes the railroad liable "for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or *employees* of such carrier . . . ." 45 U.S.C.A. § 51. (Emphasis added). In interpreting this act the United States Supreme Court used the following language:

. . . it was the conception of this legislation that the railroad was a unitary enterprise, its economic resources obligated to bear the burden of all injuries befalling those engaged in the enterprise arising out of the fault of any other member engaged in the common endeavor. Hence a railroad worker may recover from his employer for an injury caused in whole or in part by a fellow worker, not because the employer is himself to blame, but because justice demands that one who gives his labor to the furtherance of the enterprise should be assured that all combining their exertions with him in the common pursuit will conduct themselves in all respects with sufficient care that his safety while doing his part will not be endangered. If this standard is not met and injury results, the worker is compensated in damages. *Sinkler v. Missouri Pacific Railroad Company*, 356 U.S. 326, 330, 78 S.Ct. 758, 762, 2 L.Ed.2d 799, 803.

 Judged by the standards set out above, therefore, if the appellee in this case introduced some creditable evidence that he was injured because of the negligence of a co-worker who was at the time under the railroad's control, this court's review is at an end. It is uncontroverted that the crew of the Amoco Switcher was on duty at the time of the accident, and that the injury resulted from the negligence of one or more of them. Appellant's points of error relative to course and scope of employment are therefore overruled.

Appellant further complains that Special Issue Number One did not inquire as to whether appellant was negligent, and that issue could have been answered in the affirmative even if the jury did not believe that appellant was negligent. The issue was framed as follows:

INSTRUCTION NO. 1: You are instructed that it was the continuing duty of the Railroad, acting through its agents, officers and employees, at the time and place in question, to use ordinary care under the circumstances in furnishing Plaintiff with a reasonably safe place to work. This does not mean, of course, that the Railroad is an insurer of the safety of Mr. Alcorn. The extent of the employer's duty is to exercise ordinary care, under the circumstances, to see that the place in which the work is to be performed is reasonably safe. The degree of care required to be exercised depends upon the risk or danger involved under the circumstances.

SPECIAL ISSUE NO. 1: Do you find from a preponderance of the evidence that the defendant railroad failed to provide plaintiff with a reasonably safe place to work on the occasion in question? Answer "We do" or "We do not".

ANSWER: We do.

 This instruction set forth the railroad's duty to exercise ordinary care under the circumstances, and failure to use ordinary care is the definition of negligence. The instruction is in accord with the mandate of Rule 277, Texas Rules of Civil Procedure, that "the court shall submit such explanatory instructions and definitions as shall be proper to enable the jury to render a verdict . . . ." Appellant's point of error is ill-founded.

The final four of appellant's points of error deal with asserted error of the trial court in admitting or excluding certain testimony. We have carefully considered each of these points and find that error, if any, was harmless in that the rulings complained of were not calculated to cause nor did they probably cause the rendition of an improper judgment in this case. Rule 434, Tex.R. Civ.P.

The judgment of the trial court is affirmed.