**L.D. DICKSON, Appellant,**

v.

**BURLINGTON NORTHERN RAILROAD, Appellee.**

No. 2–86–090–CV.

Court of Appeals of Texas, Fort Worth.

April 8, 1987.

Rehearing Denied May 14, 1987.

Robert J. Wilson & Associates, Inc., Robert J. Wilson, Burleson, for appellant.

Law, Snakard & Gambill, Lawton G. Gambill, Jonathan G. Kerr and Michael L. Hurst, Fort Worth, for appellee.

Before FENDER, C.J., and BURDOCK and HILL, JJ.

## OPINION

FENDER, Chief Justice.

L.D. Dickson appeals from the judgment rendered against him and in favor of appellee, Burlington Northern Railroad, in this action brought by appellant under the Federal Employers' Liability Act (hereafter FELA). *See* 45 U.S.C. sec. 51 et seq. (1981). Appellant challenges the sufficiency of the evidence to support the jury's verdict and the trial court's refusal to allow appellant to ask, during voir dire, each prospective juror to name every organized civic or religious organization of which they were an active member.

We affirm.

On July 7, 1982, appellant was working for appellee on a crew assigned the job of rebuilding damaged panels of railroad track. During the course of the evening, appellant's foreman ordered him to "line" a rail. Appellant made some attempt to do so after complaining that he needed help, and then walked away refusing to complete the task. A co-worker did the job with, he said, hardly any effort at all.

Appellant brought this cause of action under the FELA claiming he injured his back when he attempted to move the rail. Appellant alleged his foreman ordered him to move a section of railroad track weighing over several hundred pounds when he knew it was too heavy for one man to move by himself. Appellant's foreman denied this allegation and testified appellant was asked to perform what is considered the easiest job on the assignment.

The trial was before a jury which answered only two of the special issues concerning liability since the remainder were conditioned upon an affirmative finding to the second issue. The jury found that: 1) appellant did not receive an injury on or about July 7, 1982 in the course of his employment by appellee; and 2) on the occasion in question appellee did not order appellant to lift or move the section of track in question.

We will first address appellant's third point of error. Appellant complains that the jury's answer to special issue number one is against the great weight and preponderance of the evidence.

Appellate review of a jury verdict in an FELA case is governed by federal law. *See Illinois Central Railroad Company v. Bowman,* 11 Ill.2d 186, 142 N.E.2d 104, 114, *cert. denied,* 355 U.S. 837, 78 S.Ct. 63, 2 L.Ed.2d 49 (1957). *Rogers v. Missouri P.R. Co.,* 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957), sets out the rule to be followed by a Texas appellate court when reviewing the sufficiency of the evidence in such a case. *See Missouri Pac. R. Co. v. Alcorn,* 598 S.W.2d 352, 353 (Tex. Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.), *cert. denied,* 450 U.S. 998, 101 S.Ct. 1703, 68 L.Ed.2d 199 (1981). The test set out in *Rogers* is: once the evidence reaches the point where reasonable minds can differ on the question of liability, the jury's decision is binding and cannot be set aside. *Texas and Pacific Railway Company v. Roberts,* 481 S.W.2d 798, 800 (Tex. 1972). Furthermore, once a reasonable basis for the verdict is established, evidence not supporting the jury's verdict becomes irrelevant on appeal. *See Lavender v. Kurn,* 327 U.S. 645, 652, 66 S.Ct. 740, 744, 90 L.Ed. 916, 922 (1946). In an FELA case, therefore, reviewing the sufficiency of the evidence to support the jury's verdict on the employer's liability under the Texas "weight and preponderance" standard is precluded. *See Texas and Pacific Railway,* 481 S.W.2d at 800. Appellant's third point of error is overruled.

In points of error one, two, and four, appellant complains that there is no evidence to support the jury's answer to special issue number one. Appellant further argues the evidence conclusively shows that he was injured on the occasion in question. Although appellant has not properly phrased these points of error, we understand he contends that the opposite of the jury's finding in special issue number one was established as a matter of law, and will address these points as such. *See Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex.1983). Appellant properly preserved this contention by raising it in his motion for new trial. *See Aero Energy, Inc. v. Circle C Drilling Co.,* 699 S.W.2d 821, 822 (Tex.1985).

If an appellant is attacking the legal sufficiency of an adverse finding to a special issue on which he had the burden of proof, the Supreme Court of Texas has stated that the appellant must, as a matter of law, overcome two hurdles. *See Holley v. Watts,* 629 S.W.2d 694, 696 (Tex.1982). First, the record must be examined for evidence that supports the finding, while ignoring all evidence to the contrary. *Id.* If there is no evidence to support the fact finder's answer, then secondly, the entire record must be examined to see if the contrary proposition is established as a

matter of law. *Id.* In this case we do not address the second hurdle since appellant fails to overcome the first.

■ Ed Young, appellant's foreman, testified that appellant was working as a "nipper" on the evening in question. Young characterized a nipper's role in building a panel as the easiest job available, a "cake walk". Appellant's job, Young stated, entailed using a bar to move an unspiked rail as much as six inches to line it at the proper distance from a spiked rail. Young further testified that he never ordered appellant to move an entire panel once it had been spiked. He stated that appellant's job took very little effort to accomplish and that he did not see appellant strain himself by pushing and pulling the bar on the evening in question.

Matt Bullard, appellant's co-worker, testified that appellant was told to "line the rail" on the evening in question. He further stated that after complaining and putting the bar in as if he was going to try to line the rail, appellant walked off and dropped the bar. At that point, Bullard stepped up and lined the rail which, he said, took hardly any effort at all.

Farooq Selod, M.D., testified by deposition that he first examined appellant on August 17, 1982. At that examination, Dr. Selod did a series of tests which showed appellant had a normal walking pattern, no sign of nerve damage, normal alignment, no muscular atrophy, no discrepancy in leg length, normal circulation in his extremities, no loss of sensory or motor powers, normal reflexes, and normal joint movement over his entire body. Based on appellant's subjective complaints, Dr. Selod diagnosed appellant as experiencing a very minor muscle strain, if any, in his lower back. Further objective tests, including a myelogram and a CAT scan, showed no evidence of abnormality. Dr. Selod released appellant to return to work on October 26, 1982.

On the basis of this testimony we must conclude that there is some evidence of probative force to support the jury's finding that appellant did not receive an injury on or about July 7, 1982 in the course of his employment by appellee. *See In re King's*

*Estate,* 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). Appellant's first, second, and fourth points of error are overruled.

Appellant complains in his final point of error that the trial court erred when it denied appellant the opportunity on voir dire to have the prospective jurors named each "civil" or religious organization to which they belong. Although the trial court allowed appellant to ask the panel as a whole if they belonged to specific organizations, appellant argues that such an inquiry would have alienated or offended the panel. In light of the fact that appellant is black, he feels this information was vital to the selection of an impartial jury and the intelligent exercise of his peremptory challenges.

■ The scope of voir dire examination is a matter within the sound discretion of the trial court. *See Texas Employers Ins. Ass'n v. Loesch,* 538 S.W.2d 435, 440 (Tex. Civ.App.—Waco 1976, writ ref'd n.r.e.). We find no Texas civil cases directly on point with appellant's contention. We believe, however, that the general principles enunciated in the following criminal cases apply also in the safeguarding of similar rights in civil cases.

■ The court's discretion is abused when the right to ask a proper question is denied because the answer denied prevents the intelligent use of peremptory challenges. *See Smith v. State,* 703 S.W.2d 641, 643 (Tex.Crim.App.1985). However, where an appellate court has before it only that portion of the voir dire proceeding in which the question is asked, objection made, and the right denied, nothing is presented for review. *See Burkett v. State,* 516 S.W.2d 147, 150 (Tex.Crim.App. 1974). Without the entire voir dire examination before us we are unable to determine if the questions asked were proper or duplicitous, or whether the answers sought were not otherwise obtained. *See id.*

■ In this case the record contains no more of the voir dire examination than that portion in which the appellant stated in general terms the question he wished to pose and the judge's order restricting the

form such questioning was to take. Appellant's counsel then stated that he would decline to use the form suggested by the court. Without a record of the entire proceeding, however, we cannot say appellant was denied the answers he sought. Appellant's final point of error is overruled.

The judgment is affirmed.