**KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant,**

v.

**Joe CATANESE, Jr., Appellee.**

**No. 9700.**

Court of Appeals of Texas, Texarkana.

Aug. 29, 1989.

Rehearing Denied Sept. 26, 1989.

William C. Gooding, Gooding & Dodson, Texarkana, for appellant.

Franklin Jones, Jr., Marshall, for appellee.

BLEIL, Justice.

Kansas City Southern Railway Company appeals a judgment of $791,776.70 in favor of Joe Catanese, Jr., who sued under 45 U.S.C.A. §§ 51–60 (West 1986), the Federal Employers' Liability Act, for damages resulting from an injury sustained while working for the Railway. The Railway contends that the trial court erred in overruling its motion to transfer venue and that no evidence exists to support the trial court's negligence finding. Further, the Railway contends that the trial court erred in failing to file additional and amended findings of fact and conclusions of law, and in refusing to grant a remittitur. We find no error and affirm.

Catanese sued the Railway in Harrison County under Tex.Civ.Prac. & Rem.Code Ann. § 15.036.[1] Section 15.036 provides that a suit against a railroad corporation may be brought in any county through or into which the railroad extends or operates. The Railway moved to transfer venue contending that mandatory venue for this lawsuit lies in Bowie County under Tex.Civ. Prac. & Rem.Code Ann. § 15.034.[2] Section 15.034 provides that if the plaintiff is a nonresident of Texas, the suit shall be brought in the county in which the injury occurred or in the county in which the defendant railroad corporation has its principal office. Catanese is a resident of Louisiana; the injury occurred in Louisiana; and the Railway's principal office is in Bowie County, Texas. The issue before us is whether Section 15.034 is a mandatory venue statute.

■ In *Southern Pacific Transp. Co. v. Harlow*, 729 S.W.2d 946 (Tex.App.—Corpus Christi 1987), *writ denied*, 745 S.W.2d 320 (Tex.1988), and *Burlington Northern Railroad Co. v. Harvey*, 717 S.W.2d 371, 375

(Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.), the courts of appeals analyzed the legislative history of this statute, noted that it appears under the heading of "Permissive Venue" in the Texas Civil Practice and Remedies Code, and held the statute to be permissive. We agree and determine, as did those courts, that Section 15.034 is permissive rather than mandatory. Having held that venue is not mandatory in Bowie County, we next consider whether venue properly lies in Harrison County. Venue is proper in Harrison County under Section 15.036 if the Railway's railroad extends or is operated through Harrison County.

In support of its motion to transfer venue, the Railway contended that it did not operate in Harrison County and supported its contention with six affidavits. Catanese responded with controverting affidavits. In our review of this venue question, we are guided by Tex.R.Civ.P. 87, which governs the transfer of venue. Rule 87 provides that if a claimant pleads and makes prima facie proof that venue is proper in the county of the suit, the cause shall not be transferred, unless the motion to transfer is based on an established ground of mandatory venue. No established ground of mandatory venue requires the suit to be brought in Bowie County. Applying Rule 87, we examine the evidence to determine whether Catanese offered prima facie proof establishing venue in Harrison County. If so, the trial court did not err in refusing to transfer venue.

■ Prima facie proof is made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading. Tex.R.Civ.P. 87(3)(a). Catanese presented the following factual proof by affidavit: (1) engines of the Railway pass over tracks situated in Harrison County; (2) when noticed for the deposition

---

1. Tex.Civ.Prac. & Rem.Code Ann. § 15.036 was amended on September 2, 1987, after the filing of this lawsuit.

2. After this lawsuit was filed, Tex.Civ.Prac. & Rem.Code Ann. § 15.034 was repealed, effective September 2, 1987.

of a corporate representative designated to testify on behalf of the Railway regarding an accident in 1983 on its lines in Harrison County, the Railway named Prince Selvage, the engineer of the derailed train; (3) during the investigation of Catanese's injury, all employees called upon by the Railway testified that they were employees of the Railway; (4) the Railway paid damages to Tommy Hicks for an injury occurring on its railroad line in Harrison County; (5) in 1981, the Railway admitted liability under the FELA for an injury which occurred on the line of railroad tracks which passes through Harrison County. We conclude that Catanese presented prima facie proof that the Railway operates within Harrison County and therefore the trial court did not err in refusing the Railway's motion to transfer venue.

■ The Railway also contends that no evidence exists in support of the trial court's amended finding that Catanese's injuries were caused, in part, by the Railway's failure to exercise reasonable care in providing him with a safe place to work. In reviewing the sufficiency of the evidence in a case brought under the FELA, we apply the federal rule set forth in *Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957), that if there be some credible evidence to support the verdict, nothing further is required. *Missouri Pacific Railroad Co. v. Alcorn*, 598 S.W.2d 352, 353 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.), *cert. denied*, 450 U.S. 998, 101 S.Ct. 1703, 68 L.Ed.2d 199 (1981). Once we determine that the findings are supported by some evidence about which reasonable minds could differ, our inquiry is exhausted. *Texas and Pacific Railway Company v. Roberts*, 481 S.W.2d 798, 800 (Tex.1972). This standard of review is similar to the standard applied in state practice. Both standards require valid findings of fact to be supported by more than speculation, conjecture, and possibilities. *See St. Louis Southwestern Ry. Co. v. Greene*, 552 S.W.2d 880, 882 (Tex.Civ.App.—Texarkana 1977, no writ). In state practice, in determining whether any evidence exists in support of a finding, we consider only the evidence tending to support the finding, viewing the evidence in the light most favorable to the finding and disregarding all contrary or conflicting evidence. *Glover v. Texas Gen. Indem. Co.*, 619 S.W.2d 400 (Tex.1981); *Hopkins County Hosp. Dist. v. Allen*, 760 S.W.2d 341 (Tex.App.—Texarkana 1988, no writ).

■ Evidence in support of the finding of negligence on the part of the Railway includes the following testimony. To comply with an order from the yardmaster to "line a switch," Catanese dismounted from a moving train onto a concrete slab about two feet above ground level located on sloped ground covered by large chert, or pieces of rock which fill in the railroad bed and surrounding area with ballast. The Railway's regulations require that an engineer stop a train to allow an employee to dismount to line a switch. Had the yardmaster instructed the crew to reline the switch while they were waiting at the tail track switch, Catanese would not have had to dismount a moving train to do his job. The combination of the insecure footing caused by the large chert, coupled with the fact that Catanese dismounted a moving train onto higher ground than usual, caused his injury. Some evidence exists in support of the trial court's finding.

The Railway further maintains that the trial court erred in failing to make additional findings of fact and conclusions of law, as requested, relating to the damage award. Tex.R.Civ.P. 298 provides that after the trial court files original findings of fact and conclusions of law, either party may, within five days, request specified further, additional, or amended findings; and the trial court is required to prepare and file such further findings and conclusions as may be proper within five days after the request.

■ In its request for additional findings, the Railway asked the trial court to specify whether it considered Catanese's discharge from the Railway in its determination of his loss of future earning capacity. The Railway maintains that Catanese suffered no loss of future earning capacity

since the Railway fired him after his injury due to an unrelated matter. Since he would have been fired anyway, the Railway argues, he would not have earned railroad wages in the future. Obviously, the trial court rejected this argument and considered the amount of wages Catanese would have earned in the future, had he not been injured. Such a consideration is proper because an employee's discharge, subsequent to an injury, is irrelevant in determining his loss of future earning capacity. *Port Terminal Railroad Ass'n v. Sims,* 671 S.W.2d 575 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.), *cert. denied,* 471 U.S. 1016, 105 S.Ct. 2021, 85 L.Ed.2d 302 (1985). A discharge has no bearing on the damage suffered; the same damage would have been sustained had Catanese not been fired. Damages result from an injured person's reduced ability to work and to obtain and retain employment. No error resulted from the trial court's failure to file the Railway's requested additional finding since Catanese's discharge is irrelevant to the trial court's determination of damages.

■ The trial court found the total amount of future damages which would fairly and adequately compensate Catanese for his injuries to be $791,776.70. The Railway contends that the trial court's failure to itemize the damage award, as requested, is error. A trial judge is required to make findings only on ultimate, controlling and material issues. *Yates Ford, Inc. v. Benavides,* 684 S.W.2d 736 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). A trial court does not have to make findings explaining its findings on the controlling issues. *Dura–Stilts Co. v. Zachry,* 697 S.W.2d 658, 661 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). A trial court is not required to set out in minute detail every reason and each theory supporting the legal conclusion expressed. *Mediacomp v. Capital Cities Communication,* 698 S.W.2d 207 (Tex.App.—Houston [1st Dist.] 1985, no writ).

■ No requirement exists that juries itemize damage awards. To the contrary, Tex.R.Civ.P. 277 dictates that in all jury cases the court shall, whenever feasible, submit the cause upon broad-form questions. In suits for personal injuries, various elements constituting damages may be grouped in one question. *Kulms v. Jenkins,* 557 S.W.2d 149 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.); *see* 3 R. McDonald, *Texas Civil Practice in District and County Courts* § 12.23.3 (rev. 1983). Broad submission of questions to the jury is proper. *Callejo v. Brazos Elec. Power Co-op.,* 755 S.W.2d 73 (Tex.1988). In reviewing a trial court's findings, we are cognizant that they have the same force and effect as a jury's verdict. *Summit Bank v. The Creative Cook,* 730 S.W.2d 343 (Tex.App.—San Antonio 1987, no writ). To require a trial court to itemize a damage award would impose upon the trial court when acting as the factfinder a greater duty than that imposed upon juries. While this greater requirement might have a rational basis, under the current state of the law we are reluctant to impose a greater duty upon a trial court, sitting as a factfinder, than we do upon the jury when it determines the facts. We conclude that no error resulted from the trial court's failure to itemize the damage award.

■ The Railway also contends that the trial court erred in failing to grant its request for remittitur. In reviewing the request for a remittitur in a FELA action, by applying the federal standard of review for excessive damages, we reverse only when the award received by the claimant shocks the judicial conscience or clearly exceeds that amount that any reasonable man could feel the claimant is entitled to. *Caldarera v. Eastern Airlines, Inc.,* 705 F.2d 778 (5th Cir.1983); *Bridges v. Groendyke Transport, Inc.,* 553 F.2d 877, 880 (5th Cir.1977). Similarly, by applying the state standard, only when the evidence is insufficient to support the recovery do we consider a request to order a remittitur to provide a level of recovery which is supported by the evidence. *Pope v. Moore,* 711 S.W.2d 622, 624 (Tex.1986); *Louisiana & Arkansas Ry. Co. v. Capps,* 766 S.W.2d 291 (Tex.App.—Texarkana 1989, pet. pending); Tex.R. App.P. 85.

The trial court entered the following findings of fact relating to damages sustained by Catanese: (1) as a result of the injuries sustained in this accident, Catanese has undergone pain, suffering and mental anguish in the past; has lost earnings and benefits in the past; will undergo pain, suffering and mental anguish in the future and has a greatly diminished earning capacity in the future; (2) having made an appropriate reduction to present value for the elements of future damage, $1,184,681.00 will fairly and adequately compensate him for his injuries; (3) Catanese is therefore entitled to judgment against the defendant in the amount of $829,276.70 [seventy percent of the total judgment], less $37,500.00 advanced to him prior to the judgment, for a total of $791,776.70, together with costs of court.

Evidence supported those findings and included the following: (1) at the time of his injury, Catanese was earning approximately $45,400.00 per year, including benefits; (2) at the time of trial, his job was paying approximately $52,800.00 per year, including benefits; (3) Catanese was unable to perform physically demanding work, due to his injury, and had been successful in obtaining a job earning $275.00 a week, or $14,300.00 per year; (4) his net earning capacity had therefore decreased by $38,500.00 a year which, over his twenty-four year worklife expectancy, is $924,000.00; (5) in the thirty-two months from the date of Catanese's injury to the date of trial, his lost earnings totaled $134,681.00; and (6) Catanese underwent two surgeries to his knee and continues to suffer pain.

Catanese asserts that one dollar per waking hour to compensate pain and suffering is reasonable; over the duration of Catanese's 39.3 year life expectancy, one dollar per waking hour equals $223,852.00. Further, Catanese asserts that $50,000.00 per surgery for a total of $100,000.00 reasonably compensates him for past pain and suffering. Because personal injury damages are unliquidated and not capable of measurement by any certain standard, the factfinder has large discretion in fixing the amount of the award. *Phillips Petroleum*

*Company v. Burkett*, 337 S.W.2d 856 (Tex. Civ.App.—Fort Worth 1960, writ ref'd n.r. e.). The measure of damages for pain and suffering is a matter of opinion of the factfinder, and courts in most instances have been reluctant to disturb the findings of a court on such matters where there is any evidence to support it. *George C. Vaughan & Sons v. Dyess*, 323 S.W.2d 261 (Tex.Civ.App.—Texarkana 1959, writ dism'd). The damages awarded neither shock our conscience nor lack sufficient evidentiary support. Thus, under both federal and state standards of review we conclude that the trial court did not err in failing to order a remittitur as requested by the Railway.

Affirmed.