Curley ROBERTS, Appellant,

v.

**SOUTHERN PACIFIC TRANSPORTATION COMPANY,** Appellee.

No. 14–98–01184–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 22, 2001.

Rehearing Overruled May 10, 2001.

Otto D. Hewitt III, Alvin, Lawrence M. Tylka, Galveston, for appellants.

Mainess Gibson, Maria Becker Troegel, Houston, for appellees.

Panel consists of Justices SEARS, LEE, and ANDELL.* (SEARS, J. concurs in the result only).

* Senior Justices Ross A. Sears and Norman Lee, and Former Justice Eric Andell sitting by assignment.

## OPINION

ERIC ANDELL, Justice (Assigned).

Curley Roberts (Roberts) appeals from a take-nothing judgment in his personal injury suit against Southern Pacific Transportation Company (SOPAC) under the Federal Employers' Liability Act (FELA). In two issues, Roberts contends the trial court erred in entering judgment on the jury verdict for SOPAC and in denying Roberts' motion for new trial because: (1) the evidence was inadequate to support the jury verdict for SOPAC, and (2) the trial court refused to submit a jury question on SOPAC's agency relationship with the cab company. We affirm.

## BACKGROUND

On April 11, 1991, Roberts, a conductor for SOPAC, and two other SOPAC employees were scheduled to work on SOPAC's train. According to Roberts, cab transportation was arranged by SOPAC to take them from the railroad yard in Shreveport, Louisiana, to the train. When the cab arrived at the yard, Roberts put a bag of ice in the back of the cab, and the cab moved forward before Roberts could get in the back seat. Roberts jerked backwards and injured his back. The cab also ran over his foot, but did not injure it because Roberts was wearing steel-toed shoes. Roberts got in the back seat of the cab and told the cab driver where to go, but was "reminded" he had to report any accidents to the railroad immediately. He told the cab driver to back up to the yard. As directed by Roberts, the cab driver backed the cab to the yard. Roberts got out and reported the accident to the dispatcher.

Loyd Waits, a brakeman for SOPAC, testified by deposition that the railroad would obtain transportation for the employees from their hotel to the train. On this particular out-of-town work assignment, Waits stated they normally rode in a "carry-all" van that belonged to the hotel where they stayed. Waits stated that the yardmaster would normally make the transportation arrangements, and he thought someone at the yard called the cab to take them to work on the night Roberts was injured. A taxicab picked-up Waits, Roberts, and an engineer, Benton, at their hotel, and drove them to the yard. Roberts got the ice from someplace in the yard, and then put it on the floor in the back of the cab behind the passenger's seat. Waits stated that they needed ice and water that night for the long haul on the train. The cab moved forward, and Roberts injured his back. Waits suggested that Roberts fill out an accident report because the company "is pretty tight on accident records." After Roberts reported the accident to someone at the yard, they all went back to the hotel in the cab.

Roberts settled with the cab company and this suit was dismissed as to them with prejudice.

## THE SUFFICIENCY OF THE EVIDENCE

In his first issue, Roberts contends the evidence was insufficient to support the jury's finding that SOPAC was not negligent. Roberts asserts that SOPAC was liable for the negligence of its agents, and the evidence reflects the cab company was SOPAC's agent and it was negligent. Question No. 1 asked:

Was the negligence, if any, of the persons named below a cause, in whole or in part, of the injuries, if any, suffered by Plaintiff, Curley Roberts?

A. Southern Pacific Transportation Company

B. Curley Roberts

The jury answered "no" for both parties. Unanswered Question No. 2 was condi-

**186**

tioned on a finding of negligence of both parties, and asked the jury to determine what percentage of negligence was attributable to each party. Question No. 3 was the damage issue, and the jury found no damages other that $25,000.00 for physical pain and mental anguish.

## Standard of Review

We must limit our review to the legal sufficiency of the evidence. Any review of the factual insufficiency of the jury verdict on liability is precluded under FELA. *Rogers v. Missouri Pac. R.R.*, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957); *Texas & Pac. Ry. v. Roberts*, 481 S.W.2d 798, 800 (Tex.1972). In *Roberts*, the supreme court held that "a jury's verdict on liability issues in FELA cases, whether for the employer or employee, cannot be reviewed on appeal using local 'weight and sufficiency standards.'" 481 S.W.2d at 801. Once the appellate court determines that the findings are supported by some evidence about which reasonable minds could differ, the inquiry is then exhausted. *Id.* at 800. *See also Mason v. Southern Pacific Transp. Co.*, 892 S.W.2d 115, 118 (Tex.App.—Houston[1st Dist.] 1994, writ denied).

## Discussion

In its written jury charge, the trial court instructed the jury, in pertinent part:

SOUTHERN PACIFIC TRANSPORTATION COMPANY, as used in this charge, means the employees, officers, agents and representatives, other than Curley Roberts, of the Southern Pacific Transportation Company.

Since a corporation can act only through its officers, employees, or other agents, any negligent act or omission of an officer, employee or other agent of a corporation, in the performance of his duties, is held in the law to be the negligence of the corporation.

It was the continuing non-delegable duty of the railroad acting through its agents, officers and employees, to use reasonable care under the circumstances in performing the work in question.

To establish the requisite agency relationship between the railroad and the cab company, Roberts had to show: (1) the existence of a contract between the employer and the alleged agent, and (2) the performance of the employer's operational activities by the alleged agent. *Sinkler v. Missouri Pac. R.R.*, 356 U.S. 326, 332, 78 S.Ct. 758, 762, 2 L.Ed.2d 799 (1958). "Operational activities of [the] employer" refers to the undertakings which "further the task of the [employer's] enterprise." *Sinkler*, 78 S.Ct. at 762. Roberts failed to prove either prong of the *Sinkler* requirements to establish agency. *See also Williams v. Norfolk Southern Railway Co., Inc.*, 767 F.Supp. 756, 760–761(E.D.Va.1991)(appellant failed to establish agency under *Sinkler*).

The only evidence of the railroad's agency relationship with the cab company came from the testimony of Roberts and Waits. They opined that the cab was furnished by the railroad, to the "best of their knowledge." Waits testified that the hotel's "carry-all" was the usual transportation to the train, and the cab was used this time apparently because the "carry-all" was not available. Waits testified that the cab picked them up at their hotel, and they first went to the yard so Roberts could get some ice for the long trip. Nothing in the record indicates that any part of Roberts' commute from the hotel to the train was part of the railroad's operational activities. Nothing in the record indicates the existence of any contract between the railroad and the cab company, other than someone with the railroad made a "deal" with the

cab company to cut the fare for the railroad employees. Although the railroad employees did not have to pay the cab fare when using the cab service to go to and from work, nothing in the record indicates whether or not railroad employees were required to use the cab as the exclusive means to get to and from their work. Nothing in the record indicates what, if any, control the railroad had over the cab company. Given the lack of any proof other than the testimony of Roberts and Waits about the alleged "contract," the jury had only some evidence of some kind of relationship between the railroad and the cab company. It was for the jury to weigh credibility of the witnesses, draw conclusions as to the facts proved and select the inferences it considered most reasonable. *St. Louis Southwestern Ry. Co. v. Greene*, 552 S.W.2d 880, 883 (Tex.Civ. App.—Texarkana 1977, no writ). This Court is not free in an FELA case to set aside a jury verdict merely because the inferences are weak or one inference appears more reasonable than another or that the same inference may support contrary conclusions. *Id.*

With only some evidence of some contractual relationship between SOPAC and the cab company, and without any evidence that the commute from the hotel to work was a necessary function of the railroad's business, Roberts failed to show that the services of the cab were performed pursuant to contract as part of the operational activities of the railroad. On the basis of the testimony we must conclude that there is some evidence of probative force to support the jury's finding that SOPAC was not negligent. We overrule Roberts' contentions in issue one that the evidence was legally insufficient to support the jury's findings of no negligence on the part of SOPAC.

## THE JURY CHARGE

In his second issue, Roberts contends the trial court abused its discretion in refusing his requested question as to whether the cab company was the railroad's agent under FELA. The requested question was:

Do you find by a preponderance of the evidence that Yellow Checker Cab Company of Shreveport and Bossier City, Inc. was performing an integral operational activity of the Southern Pacific Transportation Company pursuant to an agreement at the time of the event for which this complaint has been made.

The refused question was made a part of the clerk's record in this case. Roberts argues that there was some evidence to support the question and he was entitled to have it submitted.

As we pointed out under issue one, appellant had the burden to prove: (1) the existence of a contract between the employer and the alleged agent, and (2) the performance of the employer's operational activities by the alleged agent. *Sinkler*, 78 S.Ct. at 762. He did neither. The only evidence presented concerning the contract was the unsubstantiated and uncertain opinions of Roberts and Waits that the railroad had some kind of "deal" with the cab company to cut fares for railroad employees. We found that such testimony was some evidence of the contract prong of *Sinkler* which the jury could consider in determining whether there was any negligence on the part of SOPAC. However, there was no evidence of "performance of the employer's operational activities" introduced. *See Sinkler*, 78 S.Ct. at 762. Because Roberts produced no evidence that his use of the cab was part of SOPAC's operational activities, we find there was no evidence to support the submission of the requested question and the trial court did not abuse its discretion in refusing it. *See*

*Dion v. Ford Motor Co.,* 804 S.W.2d 302, 310 (Tex.App.—Eastland 1991, writ denied). The trial court is only required to submit questions to the jury on material issues raised by the pleadings and the evidence. Tex.R.Civ.P. 278; *Dion,* 804 S.W.2d at 310. We overrule Roberts' contentions in issue two that the trial court abused its discretion in refusing his proposed agency jury question. We find the trial court did not err in entering judgment for SOPAC and denying Roberts' motion for new trial.

We affirm the judgment of the trial court.